**In the Matter of POOLE FUNERAL CHAPEL, INC., Debtor.**

**In Matter of Ernest D. POOLE, Debtor.**

**In the Matter of GREENWOOD CEMETERY, INC., Debtor.**

**Bankruptcy Nos. 86–2368, 86–2404 and 86–2406.**

United States Bankruptcy Court, N.D. Alabama, S.D.

April 6, 1987.

David A. Sullivan, Jerome Tucker, Birmingham, Ala., for debtors.

Jerry W. Schoel, Douglas J. Centeno, James B. McNamee, Birmingham, Ala., for Ethel Riley and Camille Franklin.

Marshall H. Sims, Perry N. Martin, Trussville, Ala., for Beverly Clanton & Doris Clanton.

L. Dan Turberville, Rocco J. Leo, Birmingham, Ala., for John Dwight Glen, et al.

Charles F. Norton, Jr., Frances Heidt, Joe R. Whatley, Birmingham, Ala., for Susie Thomas.

Hugh C. Henderson, Birmingham, Ala., for Zola Sturdivant.

G. William Noble, Birmingham, Ala., for William J. Gratton.

Kenneth W. Hooks, Marjorie Harrison, Emond & Vines, Birmingham, Ala., for Ora Lee Edwards Floyd, Clara L. Harding and Willie Mayfield.

Mark E. Martin, Birmingham, Ala., for John Dwight Glen, et al.

## MEMORANDUM OPINION

CLIFFORD FULFORD, Bankruptcy Judge.

Since this court issued its Memorandum Opinion of July 30, 1986,[1] the debtors have settled with Ora Lee Edwards Floyd, Clara L. Harding and Willie Mayfield for $3,000.00; Susie Thomas for $1,400.00; Zola Sturdivant for $1,200.00; William J. Gratton for $1,400.00; Ethel M. Riley for $3,750.00; and Camilla Franklin for $3,750.00.[2] After notice given pursuant to Bankruptcy Rule 2002(a)(3), a hearing was held on March 12, 1987 on debtors' motion to approve these settlements. There being no objections, an order approving these settlements will be entered.

One claim scheduled by debtors, that of Amelia Davis, now deceased, has been withdrawn. Three other claims have not been settled.

### A. The Clantons' Claims

Two of the unsettled claims belong to a mother and daughter, Doris Clanton and Beverly Clanton, who sustained personal injuries while they were passengers in limousines operated by Poole Funeral Chapel in a funeral procession.[3] The Clantons filed suits against Poole Funeral Chapel in the Circuit Court of Jefferson County, Alabama (the "State court"), now stayed by Section 362(a) of the Bankruptcy Code. Their claims are scheduled as contingent in the Chapter 11 petitions of Poole Funeral Chapel and Ernest D. Poole. Their claims are not scheduled in the Chapter 7 case of Greenwood Cemetery, Inc.[4] The Clantons have filed unsecured claims in the amounts of $50,000.00 and $5,000.00, respectively, in the two Chapter 11 cases. They have not filed a claim in Greenwood Cemetery's Chapter 7 case in which the bar date for filing claims has run.

At a hearing to estimate claims for the purposes of confirming a plan under Chapter 11 in the cases of Poole Funeral Chapel and Ernest D. Poole, Beverly Clanton's claim was estimated at $2,500.00 and Doris Clanton's claim at $10,000.00. The Chapter 11 debtors considered these estimates excessive and declined to offer such sums in settlement or for the purpose of distribu-

---

1. 63 B.R. 527.

2. Ethel M. Riley and Camilla Franklin (who are sisters) finally agreed to settle for $3,750 each after an estimation hearing. They said they first understood they were to receive $7,500 each. They were not required to accept the $3,750 each to which everyone, including their attorney, understood they had agreed. The court estimated their claims at zero because they failed to prove that it was the debtors who "recycled" the graves of their deceased relatives. They thereafter agreed with the debtor to settle for $3,750 each.

3. Poole Funeral Chapel did not have liability insurance.

4. The Clantons' deceased relative was not buried in Greenwood Cemetery.

tion under a plan they propose to file. The Clantons declined to settle for less than the estimates and insist on their right to a jury trial in a court having jurisdiction to fix their damages for distribution. The estimated sums are relevant only to the rights of the Clantons in voting on Chapter 11 plans if and when filed by the two Chapter 11 debtors.

On January 8, 1987, the Clantons moved the United States District Court to withdraw its reference to the bankruptcy court and "reassign" their cases to the State court.[5] On January 15, 1987, Judge Robert B. Propst of the United States District Court denied the motion to withdraw the reference and referred the matter to the bankruptcy court for "order and/or recommendation" whether the Clantons' cases should be allowed to proceed in the State court.

Section 502(c)(1) of the Bankruptcy Code directs that contingent or unliquidated claims be estimated for purpose of allowance if the fixing or liquidation would unduly delay the administration of the case. However, the 1984 amendments limited the core jurisdiction of bankruptcy judges, in cases referred by the district court under 28 U.S.C. § 157(a), to the estimation of claims for the purposes of confirming a plan under Chapter 11 or 13. Core jurisdiction does not extend to the liquidation or estimation of contingent or unliquidated personal injury tort or wrongful death claims against the debtor's estate for purposes of distribution. 28 U.S.C. § 157(b)(2)(B).[6] Liquidation or estimation of such claims is assigned to the district court which "shall order that personal injury tort and wrongful death claims shall be tried in the district court...." 28 U.S.C. § 157(b)(5). The district court may try such cases or exercise discretionary abstention under 28 U.S.C. § 1334(c)(1).[7] *In re White Motor Credit*, 761 F.2d 270, 273–274 (6th Cir.1985). The right to jury trial in such cases required by 28 U.S.C. § 1411(a) can be realized in either the district court or the state trial court.[8]

It is recommended that the District Court withdraw the reference of the Clanton claims in the cases of Poole Funeral Chapel and Ernest D. Poole and exercise its discretion to abstain under 28 U.S.C. § 1334(c)(1).[9] This will allow the cases to be liquidated in the State court. The Clanton claims have been pending there long enough to be scheduled for trial at an early date. If they are not liquidated within a reasonable time, the District Court could

---

**5.** The motion incorrectly stated that the cases were removed to the bankruptcy court from the State Court.

**6.** 28 U.S.C. § 157(b)(2)(B) reads: "(2) Core proceedings include ... (B) allowance or disallowance of claims against the estate or exemptions from property of the estate, and estimation of claims or interests for the purposes of confirming a plan under chapter 11 or 13 of title 11 but not the liquidation or estimation of contingent or unliquidated personal injury tort or wrongful death claims against the estate for purposes of distribution in a case under title 11;"

**7.** Non-core proceedings under 28 U.S.C. § 157(b)(2)(B), i.e., "the liquidation or estimation of contingent or unliquidated personal injury tort or wrongful death claims against the estate for purposes of distribution in a case under title 11", are not subject to the mandatory abstention provisions of 28 U.S.C. § 1334(c)(2). 28 U.S.C. § 157(b)(4).

**8.** 28 U.S.C. § 1411(a), added by the 1984 amendments, reads: "Except as provided in subsection (b) of this section, this chapter and title 11 do not affect any right to trial by jury that an individual has under applicable nonbankruptcy law with regard to a personal injury or wrongful death claim." Subsection (b) refers to involuntary cases and is not relevant here.

**9.** Why can't bankruptcy judges reach the same result by exercising their core jurisdiction to terminate the automatic stay under 28 U.S.C. § 157(b)(2)(A) or (G)? The 1984 amendments made it abundantly clear that Congress intended to remove dispositive control of personal injury and wrongful death claims from bankruptcy courts. 28 U.S.C. § 157(b)(2)(B), (O), and (5). Congress placed the duty on the district court to decide whether to try personal injury tort and wrongful death cases as mandated by 28 U.S.C. § 157(b)(5), or to abstain under 28 U.S.C. § 1334(c)(1) and permit them to be tried in state courts. It would thwart that Congressional purpose if bankruptcy judges made that choice under the guise of exercising core jurisdiction to terminate the stay when terminating the stay is the only choice available to bankruptcy judges.

elect to try them to avoid undue delay in the administration of the Chapter 11 cases.

## B. *The Glenn Case*

John Dwight Glenn, Mandy P. Glenn and Edna Mae Meadows filed a joint complaint against all three debtors in the State court, claiming damages for the alleged burial of the body of a common relative in a grave occupied by another body. Ernest D. Poole and Greenwood Cemetery, Inc., scheduled this case as a contested claim. The court has recently discovered that it was not scheduled in the petition of Poole Funeral Chapel. No proof of claim has been filed by any of the three plaintiffs in any of the three cases in the bankruptcy court.

■ The Clerk certified that mail notice of Greenwood Cemetery's Chapter 11 petition and Chapter 7 petition after conversion was given to all scheduled creditors who include the Glenn case plaintiffs. The bar date for filing claims against Greenwood Cemetery, Inc., has run. This disposes of the Glenn case claims against Greenwood Cemetery.

■ The status of the Glenn case claims against Poole Funeral Chapel and Ernest D. Poole in their Chapter 11 cases is troublesome. Section 1111(a) of the Bankruptcy Code provides that a proof of claim is deemed filed if it is scheduled, "except a claim ... scheduled as disputed, contingent, or unliquidated." Under Section 1111(a), it does not seem to matter whether the Glenn claim was scheduled, as it was in the Ernest D. Poole petition, or not scheduled as in the Poole Funeral Chapel petition. Because it was a contingent claim and scheduled as such in the Ernest D. Poole case, it fell within the exception to the general rule of Section 1111(a) that it was "deemed filed" if scheduled. A similar provision applicable in Chapter 11 cases appears in Bankruptcy Rule 3003(b)(1).[10]

Bankruptcy Rule 3002(a) provides that an unsecured creditor *must* file a proof of claim for the claim to be allowed.[11] No bar date has yet been ordered in the Chapter 11 cases of Poole Funeral Chapel and Ernest D. Poole. It appears that a contingent claim, such as the Glenn case claim, is not recognized in a Chapter 11 case until a proof of claim has been filed; and that it is not barred until the creditor holding the unsecured contingent claim fails to file a proof of claim before the expiration of the bar date for filing claims fixed by the court and noticed to the creditor. The court will issue its order establishing a bar date for filing proofs of claim in the Chapter 11 cases of Poole Funeral Chapel and Ernest D. Poole, and the Clerk will give mail notice of that order to the Glenn case plain-

---

**10.** Bankruptcy Rule 3003 applies only in Chapter 9 and Chapter 11 cases. In the parts here pertinent, it reads as follows:

(b) **Schedule of liabilities and list of equity security holders.**

(1) *Schedule of liabilities.* The schedule of liabilities filed pursuant to § 521(1) of the Code shall constitute prima facie evidence of the validity and amount of the claims of creditors, unless they are scheduled as disputed, contingent, or unliquidated. It shall not be necessary for a creditor or equity security holder to file a proof of claim or interest except as provided in subdivision (c)(2) of this rule.

. . .

(c) **Filing proof of claim.**

(1) *Who may file.* Any creditor or indenture trustee may file a proof of claim within the time prescribed by subdivision (c)(3) of this rule.

(2) *Who must file.* Any creditor or equity security holder whose claim or interest is not scheduled or scheduled as disputed, contingent, or unliquidated shall file a proof of claim or interest within the time prescribed by subdivision (c)(3) of this rule; any creditor who fails to do so shall not be treated as a creditor with respect to such claim for the purposes of voting and distribution.

(3) *Time for filing.* The court shall fix and for cause shown may extend the time within which proofs of claim or interest may be filed.

(4) *Effect of filing claim.* A proof of claim or interest executed and filed in accordance with this subdivision shall supersede any scheduling of that claim or interest pursuant to § 521(1) of the Code.

**11.** Bankruptcy Rule 3001(a) defines a *proof of claim* as "a written statement setting forth a creditor's claim." In the sense here material, "'claim' means—(A) right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured...." 11 U.S.C. § 101(4).

tiffs and all scheduled creditors and others who received notice of the Section 341 hearings. Further action to determine and dispose of the Glenn case claim will await the bar date for filing proofs of claim.