**In re Littleton Columbus HUDGINS, III, Debtor.**

**Anne Hunter Bell PIEKLIK, Plaintiff,**

**v.**

**Littleton Columbus HUDGINS, III, Defendant.**

**Bankruptcy Case No. 89–01095–RS. Adv. No. 89–0364–RS.**

United States Bankruptcy Court, E.D. Virginia, Richmond Division.

July 25, 1989.

**496**

Donna M. Joyce, Clark & Stant, P.C., Virginia Beach, Va., for plaintiff.

L.B. Cann., III, Little, Parsley & Cluverius, P.C., Richmond, Va., for defendant.

## MEMORANDUM OPINION

BLACKWELL N. SHELLEY,
Bankruptcy Judge.

This matter comes before the Court on the motion of Anne Hunter Bell Pieklik ("Pieklik") for relief from the automatic stay imposed by 11 U.S.C. § 362(a). Pieklik seeks to have the stay lifted to permit her to continue to prosecute a personal injury tort action which was commenced against the debtor in state court prior to the filing of his petition in bankruptcy. The debtor defends Pieklik's motion by asserting that 28 U.S.C. § 157(b)(5) leaves this Court without jurisdiction to entertain a motion for relief from stay where the plaintiff seeks to either commence or continue a personal injury tort action against the debtor. Finding the debtor's assertion to be without merit, and finding it otherwise appropriate to grant Pieklik's motion, the Court will order the stay lifted.

## FINDINGS OF FACT

In 1982, Pieklik commenced an action against the debtor in the Circuit Court of the City of Virginia Beach seeking compensation for injuries sustained in an alleged assault by the debtor. Trial in this tort action was set for May 11, 1989, but was stayed by the debtor's filing of his petition commencing a Chapter 11 case on May 10, 1989.[1]

Pieklik filed her motion for relief from stay on May 31, 1989, and the Court conducted a hearing on June 27, 1989. At that hearing, debtor's counsel expanded upon his contention that this Court is without jurisdiction to entertain relief from stay motions in which plaintiffs seek to maintain personal injury tort actions against debtors. After hearing the evidence presented and the argument of counsel, the Court invited the parties to brief the issue of the Court's jurisdiction.

## CONCLUSIONS OF LAW

At the outset, the Court emphasizes that the only issue before the Court is whether or not the automatic stay should be lifted in this case to permit the plaintiff to seek redress for injuries allegedly sustained as the result of tortious conduct by the debtor. No party has requested this Court either to hear the tort cause of action or to abstain from hearing such a suit. Neither has any party petitioned the district court to preside over the personal injury action or to abstain in favor of the state court.

This Court's decision on the issue of whether the stay should be lifted in no way reflects upon the separate question of *where* the underlying tort action should be heard. As will be discussed below, bank-

---

**1.** The debtor subsequently exercised his right to convert this case to one under Chapter 13 of the Bankruptcy Code.

ruptcy courts are precluded from rendering final decisions on the latter question. But this Court is entirely competent to consider motions for relief from stay, notwithstanding the fact that the relief is sought to permit the moving party to institute an action admittedly outside the scope of the Court's jurisdiction.

Section 362(d) states that:

On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under [§ 362(a)] ... for cause, including the lack of adequate protection ...

11 U.S.C. § 362(d). Based upon the evidence presented at the hearing on this matter, the Court believes that "cause" exists for granting relief from stay.

■ The state court tort action began years ago with the filing of a motion for judgment by Pieklik in 1982. In addition to the debtor, who was a minor at the time of the alleged tort, Pieklik named a number of other parties as defendants. Protracted litigation commenced, with an appeal of a demurrer by two of the defendants, the debtor's parents, ultimately reaching the Supreme Court of Appeals of Virginia.[2] As stated above, trial of the tort action was finally set for May 11, 1989, and was stayed by the filing of the debtor's petition. Based upon these facts, the Court concludes that cause exists to lift the stay to permit Pieklik to continue her action against the debtor.

The debtor's sole defense to Pieklik's motion for relief, other than the assertion of a lack of jurisdiction on the part of the Court, is that lifting the stay "will only require [the d]ebtor to divert his attentions from rehabilitating his financial situation for the benefit of all his creditors ..." Defendant's Answer, paragraph 20. Further, the debtor contends that "[s]uch a result will frustrate the purpose behind the automatic stay of providing debtors with a 'breathing spell' in which to attempt rehabilitation free from the collection efforts of creditors." Defendant's Answer, paragraph 20.

The Court does not challenge this general characterization of the purpose underlying the automatic stay. On the facts of this case, however, the Court cannot agree with the debtor's contention. In granting relief, the Court finds that the best way to bring about a prompt and effective reorganization of the debtor's financial affairs, if such reorganization is possible, is to liquidate, as soon as possible, Pieklik's personal injury claim. *See In re Todd Shipyards Corporation,* 92 B.R. 600 (Bankr.D.N.J. 1988).

Indeed, liquidation of this debt may be a necessary prerequisite to an attempt at rehabilitation under Chapter 13. A review of the debtor's schedules reveals, that as estimated by the debtor, the Pieklik claim represents by far his largest single debt. Given that fact, the Court is not certain whether it would be possible to confirm a Chapter 13 plan of reorganization where the majority of total indebtedness is estimated for purposes of confirmation.

As stated above, in lifting the stay the Court makes no determination as to the proper locus of Pieklik's suit against the debtor. 28 U.S.C. § 157 makes clear that issues surrounding personal injury and wrongful death claims are excluded from the jurisdiction of the bankruptcy court. For example, although 11 U.S.C. § 502(e) provides for the estimation, for purposes of *allowance* under that section, any contingent or unliquidated claim that would unduly delay the administration of the case, 28 U.S.C. § 157(b)(2)(B) prohibits bankruptcy courts from estimating contingent or unliquidated personal injury claims against the estate for purposes of *distribution* under a plan of reorganization. In addition, § 157(b)(2)(O) withdraws from the category of "other proceedings affecting the liquidation of the estate" which bankruptcy courts may entertain those relating to personal injury and wrongful death. Finally, § 157(b)(5) provides that:

The district court shall order that personal injury tort and wrongful death claims

---

**2.** The Virginia Supreme Court sustained the debtor's parents' demurrer, holding that parents are not liable for the allegedly criminal behavior of their minor children. *Bell v. Hudgins,* 232 Va. 491, 352 S.E.2d 332 (1987).

shall be tried in the district court in which the bankruptcy case is pending, or in the district court in which the claim arose, as determined by the district court in which the bankruptcy case is pending. 28 U.S.C. § 157(b)(5).

In addition, only district courts are given the authority to abstain from hearing particular proceedings related to a case under Title 11, such as personal injury tort actions. 28 U.S.C. § 1334(c)(1). The power to abstain is discretionary in the case of personal injury and wrongful death claims, because 28 U.S.C. § 157(b)(4) provides that the mandatory abstention of § 1334(c)(2) does not apply to the "non-core proceedings under section 157(b)(2)(B)," i.e., personal injury tort or wrongful death claims.

The Court disagrees with the conclusion reached in *Matter of Poole Funeral Chapel, Inc.*, 79 B.R. 37 (Bankr.N.D.Ala.1987). In *Poole*, the bankruptcy court suggested that it would "thwart … [the] Congressional purpose [to place the duty on district courts to decide whether to try personal injury and wrongful death cases or to abstain in favor of state courts] if bankruptcy judges made that choice under the guise of exercising core jurisdiction to terminate the stay when terminating the stay is the only choice available to bankruptcy judges." *Ibid.* at 39, n. 9. This Court believes that the issues of jurisdiction to try personal injury actions and abstention from such trials are entirely distinct from determinations regarding relief from stay. In no way does a dissolution of the automatic stay in this case constitute a *de facto* adjudication of the question of the proper forum for trial of the underlying tort suit. Ultimately, the issue must be tried or settled, and it is the prerogative of this Court to dissolve the injunction to allow the matter to proceed.

After the stay is lifted Pieklik will be privileged to continue her action in the state courts, or, if she chooses, to commence an action in an appropriate U.S. district court. If the action is renewed in state court, the debtor has the right to remove to federal court based upon his status as a debtor under Title 11 of the U.S. Code. And if he chooses to remove, Pieklik may petition the district court to abstain from hearing the action in favor of the state court pursuant to 28 U.S.C. § 1334(c)(1).

In conclusion, the question of *where* the personal injury suit is to be heard is, as the debtor rightly points out, beyond the scope of this Court's authority. The issue of whether maintenance of Pieklik's action will continue to be stayed by the provisions of 11 U.S.C. § 362(a), however, is unquestionably within the Court's jurisdiction. As such, the Court will order that the stay be lifted as to Pieklik to allow her to continue her personal injury action against the debtor.

An appropriate Order will issue.