Joseph HAMMES, Trustee of the Bankruptcy Estate of Donna (Smith) Judy, Appellant (Plaintiff Below)

v.

Jennifer BRUMLEY, Appellee (Defendant Below).

John G. Warne, Intervenor.

Daniel W. HENDRIX, Appellant (Defendant Below),

v.

Sara A. PAGE and Marvin E. Page, (Plaintiffs Below), and Randall Kelshaw (Defendant Below), Appellees.

Steve SHEWMAKER, Appellant (Plaintiff Below),

v.

Gerald ETTER, Appellee (Defendant Below),

and

William J. Franzmann, Nominal Appellee, (Defendant Below).

Jack J. STALLSWORTH, Appellant–Plaintiff,

v.

Anselmo MUNOZ and Fidel & Sons Swimming Pools, Inc., Appellees–Defendants.

Ernest W. STILLER, M.D., Appellant/Defendant Below,

v.

Jack LEATHERMAN and Gary Boyn, Trustee of the Bankruptcy Estate of Jack Leatherman, Appellees/Plaintiffs Below.

Nos. 49S02–9512–CV–1382, 72S01–9512–CV–1383, 49S02–9505–CV–503, 55S01–9512–CV–1381 and 64S03–9505–CV–604.

Supreme Court of Indiana.

Dec. 29, 1995.

Michael G. Ruppert, Miroff, Cross, Ruppert & Klineman, Indianapolis, for Appellant in No. 49S02–9512–CV–1382.

Donald D. Levenhagen, Hill, Fulwider, McDowell, Funk & Matthews, Indianapolis, for Appellant in No. 72S01–9512–CV–1383.

Donald M. Snemis, Ice, Miller, Donadio & Ryan, Indianapolis, for Appellant in No. 49S02–9505–CV–503.

Pequita Jay Buis, Buis & Rowley, Indianapolis, for Appellant in No. 55S01–9512–CV–1381.

Robert D. Hawk and Carl A. Greci, Spangler, Jennings & Dougherty, Merrillville, for Appellant in No. 64A03–9310–CV–334.

James A. Goodin and Patrick L. Miller, Goodin & Kraege, Indianapolis, for Appellee in No. 49S02–9512–1382.

Todd J. Kaiser, Locke, Reynolds, Boyd & Weisell, Indianapolis, for Intervenor in No. 49S02–9512–CV–1382.

E. Gerry Barker, Jeffersonville, for Appellees in No. 72S01–9512–CV–1383.

Mark R. Smith, Smith & Bemenderfer, Indianapolis, for Appellee in No. 49S02–9505–CV–503.

Jeffrey L. McKean, Wooden, McLaughlin & Sterner, Indianapolis, for Appellees in No. 55S01–9512–CV–1381.

R. Kent Rowe, R. Kent Rowe, III, and Lee Korzan, Rowe & Rowe, South Bend, for Appellees in No. 64A03–9310–CV–334.

**ON PETITIONS TO TRANSFER**

SULLIVAN, Justice.

Each of these five cases requires us to decide one or more issues which arose when a claim in a lawsuit filed in state court also constituted an asset or a debt of a debtor in federal bankruptcy proceedings.

*Hammes v. Brumley, Hendrix v. Page, Shewmaker v. Etter,* and *Stallsworth v. Munoz* each present the issue of whether a state law claim filed in violation of a principle of federal bankruptcy law can be saved by a subsequent order of a federal bankruptcy court, notwithstanding the intervening expiration of the applicable statute of limitations. In *Shewmaker v. Etter* (1994), Ind.App., 644 N.E.2d 922, a panel of the Court of Appeals held, and in *Hammes v. Brumley* (1994), Ind.App., 633 N.E.2d 266, another panel assumed, on the facts of those cases that such an order saved the state law claim. But in *Hendrix v. Page* (1994), Ind.App., 622 N.E.2d

564, *on rehearing,* 640 N.E.2d 1081, and *Stallsworth v. Munoz* (1994), Ind.App., 639 N.E.2d 1025, different panels of the Court of Appeals held on the facts of those cases that such an order did not save the state law claim. We agree with the *Shewmaker* and *Hammes* courts.

*Hammes, Stallsworth,* and *Stiller v. Leatherman* each present the issue of whether the amendment of plaintiff's complaint to substitute plaintiff's bankruptcy trustee for plaintiff as the real party in interest relates back to the time of the original complaint, notwithstanding the intervening expiration of the applicable statute of limitations. In *Hammes* and *Stiller v. Leatherman* (1995), Ind. App., 646 N.E.2d 701, panels of the Court of Appeals held on the facts of those cases that the amendment related back. In *Stallsworth,* another panel held on the facts of that case to the contrary. We agree with the *Hammes* and *Stiller* courts.

## I

### A

■■■ In *Hendrix v. Page,* Page was injured in an automobile accident with Hendrix in April, 1990. Hendrix filed for bankruptcy on June 5, 1990, but did not list Page as a creditor in his petition. Page filed a negligence claim against Hendrix in state court on June 21, 1990 (before the expiration of the applicable statute of limitations). Hendrix amended his petition to add Page as a creditor having a disputed claim in July. The bankruptcy court discharged Hendrix's debts in September, 1990. Page's claim violated

the principle of bankruptcy law that the filing of a bankruptcy petition serves to prohibit any judicial action against the debtor that could have been brought before the bankruptcy petition was filed.[1] Hendrix moved for summary judgment on the basis that Page had no standing to bring the claim. Subsequently (but after the expiration of the applicable statute of limitations), the bankruptcy court issued an order in March, 1994, reopening the bankruptcy and lifting the automatic stay *nunc pro tunc*[2] from the date of the bankruptcy petition's filing "so that the Pages may proceed with their action in state court, but only against the insurance proceeds of [Hendrix]."[3] Was the bankruptcy court's March, 1994, order sufficient to overcome the running of the statute of limitations and save Page's claim? We hold that it was.

### B

■■■ In *Shewmaker v. Etter,* Shewmaker was injured when his motorcycle crashed into a guardrail on property owned by Etter in May, 1990. Shewmaker filed for bankruptcy in October, 1990, but did not list any claim against Etter on his schedule of assets. The bankruptcy court discharged Shewmaker's debts in February, 1991. Shewmaker filed a negligence claim against Etter in state court in October, 1991 (before the expiration of the applicable statute of limitations). Shewmaker's claim violated the principle of bankruptcy law that, unless scheduled by the debtor and abandoned by the trustee in bankruptcy, such a claim may no longer be pursued by the debtor.[4] Etter moved for summary

1. Section 362 of the Bankruptcy Code provides protection for a debtor through the automatic stay. 11 U.S.C. § 362. This section provides that the filing of a petition automatically stays judicial action against the debtor in bankruptcy. Therefore, unless a creditor falls into an explicitly enumerated exception to the automatic stay as listed in the Bankruptcy Code, a creditor is prohibited from proceeding with a lawsuit against a debtor in bankruptcy. *Reich v. Reich* (1993), Ind.App., 605 N.E.2d 1178; 11 U.S.C. § 362(b).

2. Such use of *nunc pro tunc* orders, namely to create of record an action which did not actually occur, would not be proper practice in Indiana state courts. *See, e.g., Cotton v. State,* 658 N.E.2d 898, 901 (Ind.1995) ("a *nunc pro tunc* entry cannot be used to show an event happened which did not actually occur").

3. For essentially the same reasons set forth by Judge Baker in dissent below, we treat this March, 1994, order—rather than the multitude of other orders and decisions that have been rendered in this case—as most squarely presenting the issue for us to resolve. *Hendrix,* 640 N.E.2d at 1087 n. 7 (Baker, J., dissenting).

4. The Bankruptcy Code provides that the bankruptcy estate consists of all legal or equitable interests of the debtor in property as of the commencement of the case. 11 U.S.C. § 541(a)(1). Once a debtor files bankruptcy, any unliquidated lawsuits, including any personal injury cause of action, become part of the bankruptcy estate. *Mele v. First Colony Life Insurance Co.,* 127 B.R. 82, 84 (D.D.C.1991). Unless scheduled by the debtor and abandoned by the

judgment on this basis, *i.e.*, that Shewmaker had no standing to bring the claim. Subsequently (but after the expiration of the applicable statute of limitations), the bankruptcy court issued an order in April, 1993, reopening the bankruptcy, permitting Shewmaker to add the claim against Etter to his schedule of assets.[5] Was the bankruptcy court's April, 1993, order sufficient to overcome the running of the statute of limitations and save Shewmaker's claim? We hold that it was.

### C

■■■ In *Hammes v. Brumley*, Judy was injured in an automobile accident with Brumley in May, 1989. Judy filed for bankruptcy in September, 1990, but did not list any claim against Brumley on her schedule of assets. The bankruptcy court discharged Judy's debts in January, 1991. Judy filed a negligence claim against Brumley in state court in May, 1991 (before the expiration of the applicable statute of limitations). Judy's claim violated the principles of bankruptcy law that (1) unless scheduled by the debtor and abandoned by the trustee in bankruptcy, such a claim may no longer be pursued by the debtor, and (2) even if scheduled, the debtor is divested of standing to pursue any cause of action and suit must be brought by the trustee. *Bradley v. Stiller* (1992), Ind.App., 604 N.E.2d 1242, 1244, *trans. denied.* Brumley moved for summary judgment on the basis that Judy had no standing to bring the claim. Subsequently (but after the expiration of the applicable statute of limitations), the bankruptcy court issued an order in January, 1993, reopening the bankruptcy and permitting Judy to add the claim against Brumley to her schedule of assets. Judy also filed a motion with the trial court to substitute

Hammes, the trustee of the bankruptcy estate, as the real party in interest pursuant to Ind.Trial Rule 17(A).[6] Was the bankruptcy court's January, 1993, order sufficient to overcome the running of the statute of limitations and save Judy's claim? We hold that it was. Did the substitution of the trustee relate back in time to the date of the filing of the negligence claim? We hold that it did.

■■■ The relevant facts in *Stallsworth v. Munoz* follow the same pattern as *Hammes v. Brumley.* Stallsworth was injured in an automobile accident with Munoz in April, 1990. Stallsworth filed for bankruptcy in January, 1990, but did not list any claim against Munoz on his schedule of assets. The bankruptcy court discharged Stallsworth's debts in October, 1990. Stallsworth filed a negligence claim against Munoz in state court in June, 1992 (before the expiration of the applicable statute of limitations). Like Judy's, Stallsworth's claim violated the principles of bankruptcy law that (1) unless scheduled by the debtor and abandoned by the trustee in bankruptcy, such a claim may no longer be pursued by the debtor, and (2) even if scheduled, the debtor is divested of standing to pursue any cause of action and suit must be brought by the trustee. Munoz moved for summary judgment on the basis that Stallsworth had no standing to bring the claim. Subsequently (but after the expiration of the applicable statute of limitations), the bankruptcy court issued an order in November, 1992, reopening the bankruptcy, permitting Stallsworth to add the claim against Munoz to his schedule of assets, and appointing a trustee to pursue his claim. Was the bankruptcy court's November, 1992, order sufficient to overcome the running of the statute of limitations and save Stalls-

---

trustee in bankruptcy, such rights of action may no longer be pursued by the debtor. *Schlosser v. Western Bank of Indiana* (1992), Ind.App., 589 N.E.2d 1176; *Boucher v. Exide Corp.* (1989), Ind.App., 498 N.E.2d 402, *trans. denied.*

5. Of tangential relevance to the principle we are exploring is that, subsequent to his discharge from bankruptcy, Etter had discovered that his medical claims arising from the accident were eligible for payment by Medicare and so he had no responsibility to pay the creditors listed in his bankruptcy petition. The bankruptcy court's April, 1993, order also dismissed Shewmaker's

bankruptcy petition *nunc pro tunc* effective June 1, 1990.

6. Trial Rule 17(A) provides that "[e]very action shall be prosecuted in the name of the real party in interest." Ind.Trial Rule 17(A). Under Trial Rule 17(A)(2), the real party in interest may be joined or substituted in the action and "such ratification, joinder, or substitution shall have the same effect as if the action had been commenced initially in the name of the real party in interest." T.R. 17(A)(2).

worth's claim? We hold that it was. Did the substitution of the trustee relate back in time to the date of the filing of the negligence claim? We hold that it did.

### D

■■ In *Stiller v. Leatherman*, Leatherman suffered complications after undergoing knee surgery performed by Stiller in April, 1986. Leatherman filed for bankruptcy in June, 1988, and listed a claim against Stiller on his schedule of assets. Leatherman filed a medical malpractice claim against Stiller in state court in February, 1990 (before the expiration of the applicable statute of limitations). Leatherman's claim violated the principle of bankruptcy law that a debtor in bankruptcy is divested of standing to pursue any cause of action and suit must be brought by the trustee. Stiller moved for summary judgment on the basis that Leatherman had no standing to bring the claim. Subsequently (but after the expiration of the applicable statute of limitations), the bankruptcy trustee filed a motion with the trial court to be substituted as the real party in interest pursuant to T.R. 17(A). Did the substitution of the trustee relate back in time to the date of the filing of the medical malpractice claim? We hold that it did.

### II

### A

■■ Under the U.S. Constitution, the federal government enjoys the exclusive power to promulgate bankruptcy laws. U.S. Const., art. I, § 8. "Because bankruptcy law is federal law, enacted pursuant to the constitutional grant of bankruptcy power, it preempts state law ... pursuant to the supremacy clause...." *Renges, Inc. v. PAC Financial Corp.*, (1987), Ind.App., 515 N.E.2d 563, 566 (quoting *In Re Safren*, 65 B.R. 566, 573 (Bankr.C.D.Cal.1986)). Both Congress and the U.S. Supreme Court have recognized the preeminent nature of federal court jurisdiction over bankruptcy matters. Congress enacted 28 U.S.C. § 1334(a), which provides that federal courts have original and exclusive jurisdiction in all bankruptcy matters. "[T]here should be no legitimate question about the legislative intent to vest the [federal court] with a complete, pervasive, jurisdiction over all matters that have to do with a bankruptcy case...." George Treister, Fundamentals of Bankruptcy Law § 2.01 (2d ed. 1988). In addition, in *Pepper v. Litton*, the U.S. Supreme Court concluded that "the jurisdiction of the bankruptcy court is exclusive of all other courts." *Pepper v. Litton*, 308 U.S. 295, 304, 60 S.Ct. 238, 244, 84 L.Ed. 281 (1939). Finally, this court has also recognized the "supremacy of the federal courts in matters related to bankruptcy proceedings." *Carpenter v. Farm Credit Services* (1995), Ind., 654 N.E.2d 1125, 1127.[7]

### B

In *Hendrix*, the Court of Appeals concluded that Page was prohibited from proceeding with her lawsuit because she filed her complaint in violation of the automatic stay. We agree with this proposition as a general rule. However, we know that later the bankruptcy court expressly modified the stay, allowing Page to pursue her complaint to the extent of the insurance proceeds. We also know that in addition to the modification order, the bankruptcy court ordered that the stay be lifted all together *nunc pro tunc*, effective June 5, 1990.

■ Under section 362(d) of the Bankruptcy Code, the bankruptcy court may grant relief from the automatic stay. 11 U.S.C. § 362(d). "[T]he bankruptcy court's ability to modify its own injunction fits with the Code's policy of maintaining control over a bankruptcy discharge...." *In the Matter of Shondel*, 950 F.2d 1301, 1309 (7th Cir.

---

7. Despite the clear preeminence of federal court jurisdiction over bankruptcy matters, this is the general rule, and in some limited circumstances the state court has concurrent jurisdiction with the bankruptcy court. For example, the state court has concurrent jurisdiction to determine whether certain obligations are nondischargeable, such as alimony, maintenance, and child support obligations. *In re Mitchell*, 132 B.R. 585 (S.D.Ind.1991); *In re Canganelli*, 132 B.R. 369 (Bankr.N.D.Ind.1991). *See also* section 523(a)(5) of the Bankruptcy Code, which specifically states that obligations to spouse or child for alimony, maintenance or support are nondischargeable. 11 U.S.C. § 523(a)(5).

1991). In fact, several bankruptcy courts have allowed plaintiffs to proceed with a state lawsuit against a debtor in bankruptcy—regardless of the automatic stay. *See, e.g., In Matter of Shondel,* 950 F.2d 1301; *In re Hudgins,* 102 B.R. 495 (Bankr.E.D.Va. 1989); *In re Todd Shipyards Corp.,* 92 B.R. 600 (Bankr.D.N.J.1988); *In re Traylor,* 94 B.R. 292 (Bankr.E.D.N.Y.1989); and *In re Fernstrom Storage and Van Co.,* 100 B.R. 1017 (Bankr.N.D.Ill.1989). The court in *In re Traylor* elaborated on the sound public policy of permitting action against a debtor in bankruptcy in some cases, at least to the extent of the insurance proceeds:

> This result seems to accord with the social policy underlying automobile insurance. Whereas such insurance may at one time have been viewed as solely for the protection of the insured, the public policy, as reflected in the requirement that all drivers carry liability insurance, indicates that insurance is now viewed as necessary protection for potential victims of the insured's negligence.... It would not be in accordance with sound public policy to deem a discharge in bankruptcy as releasing an insurance company from liability under a policy which the law requires every automobile driver to carry for the protection of the public.

*In re Traylor,* 94 B.R. at 293. Bankruptcy courts in general have authority to grant relief from the automatic stay; in this case, it exercised its discretion to do so.

■■■ Because of the bankruptcy court's obvious determination that Page could pursue her state action and because federal courts have preeminence over bankruptcy matters, we believe that the state court was without jurisdiction to question this determination and therefore was bound by it. The Court of Appeals even conceded that the "bankruptcy court has exclusive jurisdiction to interpret the application and scope of the automatic stay." 622 N.E.2d at 567. In light of this, we agree with Judge Baker's dissent on rehearing that the Court of Appeals was "clearly without jurisdiction" to bar Page's complaint—even in light of the expiration of the state statute of limitations—

and therefore we reverse the Court of Appeal's decision in *Hendrix* that Page could not proceed with her lawsuit, at least to the extent of the insurance proceeds. 640 N.E.2d at 1086.

### C

As we discussed in part I of this opinion, each of the debtors in *Hammes, Shewmaker,* and *Stallsworth* failed to list certain claims as assets in their respective bankruptcy schedules—in violation of a well established bankruptcy principle.[8] However, in each of these cases, the debtors also successfully petitioned the bankruptcy court to remedy this error by reopening their respective bankruptcy estates to add the unlisted claims. In *Shewmaker,* the bankruptcy court, in addition to reopening the bankruptcy estate to add the unlisted claim, issued an order *nunc pro tunc* dismissing the bankruptcy petition all together.

■■■ Section 350(b) of the Bankruptcy Code permits bankruptcy courts to reopen cases to administer assets, accord relief to the debtor, or for other cause. 11 U.S.C. § 350(b). The decision to reopen a bankruptcy case is within the sole discretion of the bankruptcy court. *Matter of Shondel,* 950 F.2d at 1304 (citing *Hawkins v. Landmark Finance Co.,* 727 F.2d 324, 326 (4th Cir.1984) and *In re Thomas,* 204 F.2d 788, 791 (7th Cir.1953)). "[R]eopening a case 'puts the bankruptcy estate back into the process of administration. The original bankruptcy is revived including all the procedural and substantive rights of the debtor.'" *In re Succa,* 125 B.R. 168, 170 (Bankr. W.D.Tex.1991) (quoting *In re Cassell,* 41 B.R. 737, 740 (Bankr.E.D.Va.1984)). "In exercising its discretion to reopen a case, 'the bankruptcy court should exercise its equitable powers with respect to substance and not technical considerations that will prevent substantial justice.'" *In matter of Shondel,* 950 F.2d at 1304 (quoting *In re Stark,* 717 F.2d 322, 323 (7th Cir.1983)).

Here, the bankruptcy court exercised its discretion in reopening the bankruptcy cases so that the debtors could remedy the error of

---

**8.** See footnote 3, *supra.*

failing to list certain claims—the error which precluded the debtors from pursuing their claims. As such, it seems the bankruptcy court clearly exercised its discretion in reopening the estates to permit the debtors to pursue their claims. Again, we recognize the bankruptcy court's preeminence in bankruptcy matters and hence we cannot frustrate the bankruptcy court's intent to permit the debtors to proceed with their lawsuits by reopening the estates to add the unlisted claims. Therefore we conclude that the debtors are now entitled to proceed with their respective lawsuits, despite initially failing to list certain claims and despite the intervening expiration of the statute of limitations.

### III

■ The final issue we address today emerges in the cases of *Hammes, Stallsworth,* and *Stiller:* whether, when a plaintiff who is in bankruptcy and amends his or her complaint in a tort action to substitute the plaintiff's name with the name of the bankruptcy trustee as the real party in interest, that amendment will relate back to the time of the original complaint.[9]

### A

The argument against allowing parties—in cases such as the ones described above—to later substitute the trustee as a real party in interest is that, since the trustee was the proper party to bring the action, the bankrupt party did not have standing to sue.[10] Therefore, the argument goes, the complaint may not be amended to add the real party in interest and then relate back to the original complaint because, since the complainant had no standing in the first place, there is nothing to relate back to. Relation back is im-

portant here because the complaints in these cases were amended to substitute the trustee as the real party in interest after the statute of limitations on the initial cause of action had run.

We cannot accept this argument for several reasons. First, this argument inaccurately meshes the concepts of standing and real party in interest. Second, because we hold that the parties in these cases did have standing, but simply were not real parties in interest, Trial Rule 17 applies and substitution of the real party in interest has "the same effect as if the action had been commenced initially in the name of the real party in interest." T.R. 17(A).

■ The concepts of standing and real party in interest often are understandably—but incorrectly—considered one and the same. The Court of Appeals has stated that the concepts of standing and real party in interest are analogous. *Brenner v. Powers* (1992), Ind.App., 584 N.E.2d 569, 573, *trans. denied* (citing *Aikens v. Alexander* (1979), Ind.App., 397 N.E.2d 319, 323). Although they are quite similar, they are indeed different concepts. "Standing is similar to, *although not identical with,* real party in interest requirements of Trial Rule 17." *Pence v. Indiana,* (1995), Ind., 652 N.E.2d 486, 487 (emphasis added).

■ Standing refers to the question of whether a party has an actual demonstrable injury for purposes of a lawsuit. *Schloss v. City of Indianapolis* (1990), Ind., 553 N.E.2d 1204. In *Higgins v. Hale,* this court elaborated on the concept of standing:

In order to invoke a court's jurisdiction, a plaintiff must demonstrate a personal stake in the outcome of the lawsuit and

---

9. In *Stallsworth,* debtor Stallsworth did not actually amend his complaint to add the trustee under Trial Rule 17, but instead petitioned the bankruptcy court to reopen his case and reappoint a trustee to pursue his claim. Because the bankruptcy court did so and because the trial court noted so in its findings of fact, we treat the cases the same for purposes of our analysis.

10. This contention is derived from language in cases such as *Bradley v. Stiller,* where the Court of Appeals stated, "[a]t the commencement of the bankruptcy action, the debtor is divested of *standing* to pursue his cause of action and suit

must be brought exclusively by the trustee." *Bradley v. Stiller* (1993), Ind.App., 604 N.E.2d 1242, 1244, *trans. denied* (emphasis added). However we believe, as we further discuss later in this part of the opinion, that courts incorrectly have been using the phrases "without standing" and "not the real party in interest" interchangeably. In *Bradley,* while the debtor was not the real party in interest, that did not necessarily mean that he had no discernible injury caused by the defendant, as required by the doctrine of standing.

must show that he or she has sustained or was in immediate danger of sustaining, some direct injury as a result of the conduct at issue.

*Higgins v. Hale* (1985), Ind., 476 N.E.2d 95, 101.

A real party in interest, on the other hand, is the person who is the true owner of the right sought to be enforced. *Bowen v. Metro Bd. of Zoning Appeals* (1974), Ind. App., 317 N.E.2d 193. He or she is the person who is entitled to the fruits of the action. *Cook v. City of Evansville* (1978), Ind.App., 381 N.E.2d 493.

Indiana Trial Rule 17(A) states that "[e]very action shall be prosecuted in the name of the real party in interest." As evidenced by the clear language in Trial Rule 17, it encourages allowing the real party in interest to be joined or substituted in the action:

> No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time after objection has been allowed for the real party in interest to ratify the action, or to be joined or substituted in the action.

T.R. 17(A)(2). Trial Rule 17 also clearly states that the substitution of a real party in interest relates back to the date the initial complaint was filed. "Such ratification, joinder, or substitution shall have the same effect as if the action had been commenced initially in the name of the real party in interest." *Id.*

### B

In the cases before us, the bankrupt parties were not the real parties in interest; the trustees of their respective bankruptcy estates were. However, the bankrupt parties did have standing to sue. They were parties that had a demonstrable injury allegedly caused by the parties they were suing and sustained a "direct injury as a result of the conduct at issue"—the threshold requirement to show standing. *Higgins,* 476 N.E.2d 95, 101. Because the parties had standing to sue, but simply were not the real parties in interest, they should be permitted to amend their original complaints to add their respective bankruptcy trustees to be substituted as

real parties in interest, and have that amendment relate back to the original filing, in accordance with Trial Rule 17.

We believe that permitting bankrupt parties to substitute the trustee as the real party in interest is sound public policy. In general, the plaintiff-debtor does not have anything to gain from failing to commence a suit in the name of the trustee, because a debtor who fails to do so is precluded from pursuing that claim in his or her own name. Instead, it is the creditors of such plaintiff-debtors who are deprived of access to a potential asset. The innocent creditors of the plaintiff-debtors should not suffer due to commencing a lawsuit in the name of the plaintiff-debtor rather than in the name of the trustee. Furthermore, the defendants in these cases were not unfairly prejudiced—they had notice of the claims against them and the amended complaints were identical in all respects except of course for the substitution of the names of the real parties in interest.

Therefore, in the cases of *Hammes, Stiller,* and *Stallsworth,* we hold that the plaintiff-debtor's amendment of their complaints to add the trustee as the real party in interest relates back to the date of the initial complaint and therefore the trustees were not precluded from proceeding with their claims.

### Conclusion

We grant transfer in *Hammes v. Brumley* and adopt the opinion of the Court of Appeals pursuant to App.R. 11(b)(3). We grant transfer in *Hendrix v. Page,* vacate the opinion of the Court of Appeals, and affirm the trial court's decision to reinstate Page's complaint. We grant transfer in *Shewmaker v. Etter* and adopt the opinion of the Court of Appeals pursuant to App.R. 11(b)(3). We grant transfer in *Stallsworth v. Munoz,* vacate the opinion of the Court of Appeals, and reverse the trial court's grant of summary judgment in favor of Munoz. We grant transfer in *Stiller v. Leatherman* and adopt the opinion of the Court of Appeals pursuant to Ind.Appellate Rule 11(b)(3).

SHEPARD, C.J., DeBRULER, and DICKSON, JJ., concur.

SELBY, J., concurs in *Hammes, Hendrix,* and *Stallsworth,* and is not participating in *Shewmaker* and *Stiller.*