Rebecca BEASON–STRANGE–
CLAUSSEN, Appellant–
Plaintiff,

v.

CITY OF HAMMOND, Indiana; City of Hammond, Indiana Police Department; Hammond Police Department; City of Hammond Board of Public Works & Safety; Anthony J. Adam; and Kurt J. Claussen, Appellees–Defendants.

No. 64A03–9511–CV–387.

Court of Appeals of Indiana.

Nov. 30, 1998.

Delmar P. Kuchaes, Whalley and Kuchaes, Merrillville, for Appellant–Plaintiff.

Richard P. Komyatte, Alfred R. Uzis, Komyatte & Freeland, P.C., Highland, for Appellees–Defendants.

## OPINION

ROBB, Judge.

### Case Summary

Appellant–Plaintiff, Rebecca Beason–Strange ("Rebecca") appeals the trial court's grant of summary judgment in favor of the City of Hammond, the Hammond Police Department, the Hammond Board of Public Works & Safety, Anthony Adam (collectively "the Hammond Defendants"), and Kurt Claussen ("Claussen").[1] We reverse.

### Issues

Rebecca raises two issues for our review which we restate as:

I. Whether the defense of lack of standing or real party in interest was waived by the Hammond Defendants; and,

II. Whether the trial court properly granted summary judgment for the Hammond Defendants.

### Facts and Procedural History

The facts most favorable to the judgment indicate that on May 10, 1988, Rebecca was the passenger in a pick-up truck driven by Claussen when the pick-up truck struck a vehicle driven by Hammond police officer Anthony Adam. As three police vehicles approached him in the oncoming lane, Claussen unsuccessfully attempted to make a left hand turn in front of the third vehicle. On April 16, 1990, Rebecca and Claussen filed a joint voluntary petition for bankruptcy which did not list Rebecca's potential personal injury claim. On May 9, 1990, Rebecca filed her complaint against Claussen and the Hammond Defendants. A discharge in bankruptcy was entered on January 18, 1991.

The Hammond Defendants filed a motion to dismiss, alleging immunity and on November 15, 1993 filed a motion for summary judgment. Claussen filed a motion for summary judgment on December 16, 1993 alleging lack of standing by Rebecca, which motion was later joined by the Hammond Defendants. At the pre-trial conference, Rebecca requested and was granted an additional 45 days to respond. Rebecca did not file a response within this period, and the Hammond Defendants filed a motion for ruling. That same day, Rebecca filed a motion to reopen discovery and requested an additional 150 days to respond to the motion for summary judgment. The trial court granted this extension. Again, Rebecca did not file a response within this period, and again, the Hammond Defendants filed a motion for ruling on October 20, 1994.

On October 7, 1994, however, the trial court had already signed an order granting summary judgment in favor of all defendants, but the order was not entered in the order book or mailed to the parties. On October 24, 1994, Rebecca filed a motion for additional time in which to petition to reopen the bankruptcy.[2]

Having discovered the previous order, the trial court, on July 20, 1995, filed an order

---

**1.** Rebecca and Claussen were married sometime shortly after the accident. The pleadings, motions, and order are captioned with "Rebecca Beason–Strange" as plaintiff, and Rebecca's brief lists the name "Rebecca Beason–Strange–Claussen," but her bankruptcy petition names "Rebecca Willa Claussen." For the sake of clarity, we will refer to appellant as "Rebecca."

**2.** The record indicates that counsel for Rebecca was attempting to obtain Claussen's signature on the petition to reopen the bankruptcy through opposing counsel.

granting the motion for summary judgment to all defendants and striking all filings after October 7, 1994. Rebecca then initiated this appeal. Following the filing of Appellant's and Appellees' briefs, Rebecca's successor bankruptcy trustee petitioned this court to intervene and filed a motion to stay the appeal on May 22, 1996.[3] The petition alleged that Rebecca had filed a motion to reopen the bankruptcy on November 7, 1994, and that the bankruptcy had been reopened on December 5, 1994. We stayed the appeal and remanded to the trial court for a ruling on the trustee's petition for substitution or intervention filed in that court. On June 29, 1998, the trustee petitioned this court to reinstate the appeal or to order the trial court to permit substitution, alleging that the trial court had denied the petition to intervene on October 24, 1996. We resumed jurisdiction on July 17, 1998, and Rebecca then filed her reply brief.

*Discussion and Decision*

I.

■ We review the trial court's decision granting summary judgment to determine whether the trial court correctly concluded that "there is no genuine issue of material fact and ... the moving party is entitled to a judgment as a matter of law." Ind. Trial Rule 56(C); *Orr v. Westminster Village North, Inc.*, 689 N.E.2d 712, 717 (Ind.1997). The party appealing the trial court's grant or denial of summary judgment has the burden of persuading this court that the trial court's decision was erroneous. *North Snow Bay, Inc. v. Hamilton*, 657 N.E.2d 420, 422 (Ind. Ct.App.1995). We are not limited to reviewing the trial court's reasons for granting summary judgment, but will affirm a grant of summary judgment if it is sustainable on any theory or basis found in the record. *Stephenson v. Ledbetter*, 596 N.E.2d 1369, 1371 (Ind.1992).

Rebecca argues that the defense of lack of standing was not pleaded as an affirmative defense and therefore was waived. Claussen counters that Rebecca cannot now raise this

issue because she did not argue it before the trial court.

■ Rebecca is correct that a "challenge to standing is an affirmative defense." *20th Century Fiberglass v. Indiana State Bd. of Tax Comm'rs*, 683 N.E.2d 1376, 1377 (Ind. Tax 1997). But, standing "may be raised at any point during litigation and if not raised by the parties it is the duty of the reviewing court to determine the issue sua sponte." *McGaharan v. City of Fort Wayne*, 178 Ind. App. 228, 230, 381 N.E.2d 1093, 1095 (1978). Thus, Rebecca's contention that the issue has been waived is without merit.

II.

Rebecca argues that the trial court erred in granting summary judgment in favor of Claussen and the Hammond Defendants. The trial court's order stated that Rebecca "lacked standing to pursue this action." R. 324.

■ Standing is similar to, though not identical with, the real party in interest requirement of Trial Rule 17. *Pence v. State*, 652 N.E.2d 486, 487 (Ind.1995). The point of both requirements is to insure that the party before the court has a substantive right to enforce the claim that is being made in the litigation. *Id.* Standing remains a significant restraint on the ability of Indiana courts to act, as it denies the courts any jurisdiction absent an actual injured party participating in the case. *Id.* at 488.

■ Standing refers to the question of whether a party has an actual demonstrable injury for purposes of a lawsuit. *Hammes v. Brumley*, 659 N.E.2d 1021, 1029 (Ind.1995). A real party in interest, on the other hand, is the person who is the true owner of the right sought to be enforced. *Id.* at 1030. Indiana Trial Rule 17(A) states that "[e]very action shall be prosecuted in the name of the real party in interest." T.R. 17(A). This rule "encourages allowing the real party in interest to be joined or substituted in the action." *Hammes*, 659 N.E.2d at 1029.

---

**3.** The original trustee, Daniel Freeland, of Komyatte & Freeland, apparently rejected his reap- pointment as trustee due to the fact that his firm represents the Hammond Defendants.

Indiana Trial Rule 17 also clearly states that the substitution of a real party in interest relates back to the date the initial complaint was filed. *Id.* This rule further provides:

No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a *reasonable time* after objection has been allowed for the real party in interest to ratify the action, or to be allowed to be joined or substituted in the action.

T.R. 17(A) (emphasis added).

According to the rationale expressed in *Hammes,* Rebecca was not the real party in interest. Rebecca's bankruptcy trustee was the real party in interest; however, Rebecca did have standing to sue. *See id.* She had a demonstrable injury allegedly caused by the parties she was suing. *See id.* Because the concepts of standing and real party in interest are similar, and because the trial court's order predated the *Hammes* decision, we will assume that the order was grounded on Rebecca not being the real party in interest. At the time of the trial court's unentered order granting summary judgment, Rebecca was attempting to conduct additional discovery regarding the bankruptcy proceedings with a view to reopen the bankruptcy. Presumably, Rebecca wished to reopen the proceedings in order to schedule her claim against Claussen and the Hammond Defendants.[4] As such, she should have been permitted to amend her original complaint to add her bankruptcy trustee to be substituted as real party in interest, and have that amendment relate back to the original filing within the statute of limitations. In this light, we next address whether the period which transpired following Rebecca's request for additional time constituted an unreasonable time in which to substitute or join the real party in interest, pursuant to T.R. 17(A).

It is true, as Claussen and the Hammond Defendants point out, that Rebecca had not, at the time of the trial court's October 7, 1994 unentered order, specifically requested to substitute the trustee in bankruptcy. What is clear is that Rebecca requested additional time to "cure the defense of lack of standing." R. 230. As with the trial court's order, we will assume that Rebecca's motion was a request for additional time to cure the real party in interest defect which necessarily required substitution or joinder. Because the trial court was apprised of Rebecca's need to reopen the bankruptcy, r. 243, it was obligated to allow a reasonable time. T.R. 17(A)(2).

We are not prepared to conclude, however, that the several months which transpired between Rebecca's requests for additional time and the trial court's order granting summary judgment constituted an unreasonable time. First, the trial court's order was not entered until July 20, 1995.[5] At that time, Rebecca's bankruptcy had apparently been reopened, but proceedings had been delayed until a successor trustee could be appointed after the original trustee rejected his reappointment due to a conflict of interest: his law firm also represented the Hammond Defendants. In addition, Claussen, originally a party to the joint bankruptcy petition, was now an adverse party and could not be represented by the bankruptcy trustee. Moreover, Rebecca's own attorney had no authority to act for the bankruptcy and was dependent upon the bankruptcy court to appoint a successor trustee. In March of 1996, the bankruptcy court finally appointed Rebecca's attorney as special counsel to the successor trustee.

After initiation of this appeal, the trial court denied the successor trustee's petition to intervene, apparently due to the delay between the appointment of the successor trustee and the filing of the petition to inter-

---

4. We note that Rebecca's filings with this court are not part of the record on appeal.

5. The July 20, 1995 order was not entered *nunc pro tunc,* nor entered in the chronological case summary. A nunc pro tunc entry is defined in law as "an entry made *now* of something which was actually previously done, to have effect as of

the former date." *Cotton v. State,* 658 N.E.2d 898, 900 (Ind.1995). Such an entry may be used to either record an act or event not recorded in the court's order book or to change or supplement an entry already recorded in order book. *Id.* We conclude that the effective date of the trial court's order was July 20, 1995.

vene. As pointed out above, Rebecca's attorney was not appointed special counsel to the successor trustee until many months later. "[W]e recognize the bankruptcy court's preeminence in bankruptcy matters and hence we cannot frustrate the bankruptcy court's intent to permit the debtors to proceed with their lawsuit[ ] by reopening the estate[ ] to add the unlisted claim[ ]." *Hammes*, 659 N.E.2d at 1029. Because of the peculiar circumstances of the delays in this case, we conclude that the period which transpired between Rebecca's request for additional time and the petition to intervene was not unreasonable.

We reverse the trial court's grant of summary judgment in favor of Claussen and the Hammond Defendants and remand for further proceedings. We also direct the trial court to permit Rebecca's successor trustee in bankruptcy to be substituted as the real party in interest and to vacate all prior orders to the contrary.

Reversed and remanded with instructions.

STATON and KIRSCH, JJ., concur.