ATTORNEY FOR APPELLANT

Joshua E. McAfee
McAfee Law, LLC
Bloomington, Indiana

ATTORNEYS FOR APPELLEES

ANONYMOUS PHYSICIAN #1 AND
ANONYMOUS PHYSICIAN #2

Joseph C. Klausing
Stephanie L. Caldwell
O'Bryan, Brown & Toner, PLLC
Louisville, Kentucky

ANONYMOUS PHYSICIAN #3

Adriana Katzen
James F. Bleeke
Bleeke Dillon Crandall
Indianapolis, Indiana

ANONYMOUS NURSE PRACTITIONER

David G. Field
Michael F. Mullen
Schultz & Pogue, LLP
Indianapolis, Indiana

ANONYMOUS CORPORATION AND
ANONYMOUS HOSPITAL

Anthony L. Holton
Wilkinson, Goeller, Modesitt,
Wilkinson & Drummy, LLP
Terre Haute, Indiana



FILED

Feb 19 2016, 9:02 am

CLERK
of the supreme court,
court of appeals and
tax court

IN THE
# COURT OF APPEALS OF INDIANA

Richard W. Lorenz and any
Successor Trustee, as Trustee, of
the Bankruptcy Estate of Willie
R. Gauldin,

*Appellant,*

v.

Anonymous Physician #1, et al.,

*Appellees*

February 19, 2016

Court of Appeals Case No.
28A01-1501-CT-50

Appeal from the Greene Superior
Court

The Honorable Dena Martin, Judge

Trial Court Cause No.
28D01-1407-CT-14

**Robb, Judge.**

# Case Summary and Issues

Willie Gauldin filed for Chapter 7 bankruptcy in July 2012 and was discharged in November 2012. In March 2014, Gauldin filed with the Indiana Department of Insurance a proposed complaint for medical malpractice against Anonymous Physician #1, Anonymous Physician #2, Anonymous Physician #3, Anonymous Nurse Practitioner, Anonymous Hospital, and Anonymous Corporation (collectively, the "Medical Providers"), alleging acts of negligence occurring in March and April 2012. The Medical Providers filed motions for preliminary determination in the trial court seeking to have the proposed complaint dismissed because the medical malpractice claim had not been included as a possible asset in the bankruptcy. Richard W. Lorenz, the trustee of Gauldin's bankruptcy estate (the "Trustee"), thereafter filed a motion for relief from judgment in the bankruptcy court. The bankruptcy court granted the

motion, reopened the bankruptcy, and reappointed the Trustee. The Trustee sent an amended proposed medical malpractice complaint naming the Trustee as plaintiff to the Department of Insurance and also moved the trial court to substitute the Trustee as the real party in interest. The trial court did not rule on the motion to substitute but granted the Medical Providers' motions for preliminary determination and ordered the proposed complaint be dismissed.

[2] The Trustee now appeals, raising the following consolidated and reordered issues for our review: 1) whether the trial court had subject matter jurisdiction to rule on the motions for preliminary determination after the bankruptcy court reopened the bankruptcy; and 2) if so, whether the trial court erred in dismissing the proposed complaint. Concluding the trial court had jurisdiction to rule on the motions but erred in dismissing the proposed complaint, we reverse.

# Facts and Procedural History

[3] On March 30, 2012, Gauldin began feeling ill. Over the course of the next several days, he was treated at Anonymous Hospital and Anonymous Corporation by Anonymous Physician #1, Anonymous Physician #2, Anonymous Physician #3, and Anonymous Nurse Practitioner. Ultimately, Gauldin was admitted to Bloomington Hospital in acute renal failure. By the time Gauldin was discharged, he had incurred medical expenses of approximately $190,000.00 and was unable to continue working as a truck driver due to disability.

[4] On August 22, 2012, Gauldin and his wife filed a Voluntary Petition for Chapter 7 bankruptcy protection in the United States Bankruptcy Court for the Southern District of Indiana. The assets listed on Schedule B – Personal Property included automobiles, household goods, and bank accounts worth approximately $8,000.00. Under "[o]ther contingent and unliquidated claims of every nature," Gauldin listed "none." Appellant's Appendix at 23.[1] He listed debts of $194,536.74, including his medical debts from March and April of 2012. Lorenz was named trustee of the bankruptcy estate. Based on the Trustee's report to the court that there was no property available for distribution, the bankruptcy court entered an Order in No Asset Case on November 2, 2012, ordering the scheduled property of the estate be abandoned, any secured creditors be granted relief from the stay, and the Trustee be discharged. On November 27, 2012, the bankruptcy court granted a discharge of debtors and the bankruptcy case was closed.

[5] On March 28, 2014, Gauldin filed with the Department of Insurance a proposed complaint for damages alleging medical malpractice by the Medical Providers during their treatment of him in March and April of 2012. On July

---

[1] We note that Anonymous Physicians #1 and #2 have filed an Appellee's Appendix, as have Anonymous Physician #3 and Anonymous Nurse Practitioner. Although each of these appendices includes some documents not included in the Appellant's Appendix, each also includes documents that were included in Appellant's Appendix. Indiana Appellate Rule 50(A)(3) specifically states that an appellee's appendix "shall not contain any materials already included in appellant's Appendix . . . ." Although we understand the repetition between the two appellees' appendices, as they were filed at virtually the same time, there was no reason for either to include documents the Appellant included in its appendix. For instance, in the three appendices, Gauldin's eighty-five-page original bankruptcy petition appears in its entirety four times. In all cases, but especially in a case such as this with three separate appendices, the omission of documents already available to the court is important to facilitating our review.

14, 2013, Anonymous Physicians #1 and #2 filed in the trial court a Petition for Preliminary Determination and Motion for Summary Judgment. The petition alleged that because Gauldin failed to list a cause of action for medical malpractice in his bankruptcy petition filed after the alleged negligence occurred, he had no standing to pursue this cause of action. On July 29, 2014, Anonymous Physician #3 filed in the trial court a Motion for Preliminary Determination of Law to Dismiss [Gauldin's] Proposed Complaint for Damages alleging the lawsuit was barred for lack of standing and also precluded on the basis of judicial estoppel. Anonymous Nurse Practitioner later joined in Anonymous Physician #3's motion.[2]

[6] On July 28, 2014, Lorenz, as trustee of Gauldin's bankruptcy estate, filed in the bankruptcy court a Motion to Reopen Bankruptcy Case and Motion for Relief from the November 2, 2012 Order in No Asset Case. On July 29, 2014, the bankruptcy court granted the Motion for Relief from Judgment and also granted the Motion to Reopen Bankruptcy Case. The case was reopened and Lorenz was reappointed Trustee of the bankruptcy estate. On August 1, 2014, Gauldin filed in the bankruptcy court an amended Schedule B, which, under "[o]ther contingent and unliquidated claims of every nature," now included "[p]ossible collection from proposed complaint for damages with the State of Indiana Department of Insurance for injuries sustained prior to the filing of the

---

[2] Anonymous Corporation and Anonymous Hospital did not file any motions in the trial court but have filed a joint brief in this appeal.

bankruptcy case, and which claim is an asset of this bankruptcy estate." Appellant's App. at 160. The value of the claim was listed as unknown. On August 7, 2014, an Amended Proposed Complaint for Damages was filed with the Department of Insurance listing "Richard W. Lorenz, Trustee of the Bankruptcy Estate of Willie R. Gauldin" as the plaintiff. And on August 8, 2014, Gauldin filed in the trial court a Motion for Substitution of Real Party in Interest seeking to have Lorenz, as Trustee, substituted for Gauldin.

[7] The trial court held a hearing on December 8, 2014, at which it considered the two motions for preliminary determination and the motion for substitution. On January 14, 2015, the trial court issued an order granting the petitions for preliminary determination and ordering the proposed complaint be dismissed with prejudice. The trial court did not rule on the motion for substitution.[3] The Trustee now appeals.

---

[3] Because the trial court did not rule on the motion for substitution, Gauldin filed a notice of appeal in his own name and simultaneously filed a motion for substitution of real party in interest seeking to substitute the Trustee as appellant. This court granted the motion to substitute on February 20, 2015.

On May 18, 2015, Lorenz's appointment as Trustee was revoked due to his resignation, and Lou Ann Marocco was named Successor Trustee. On Lorenz's motion and by order of this court dated July 13, 2015, the appellant in this case is now "Richard W. Lorenz and any Successor Trustee, as Trustee of the Bankruptcy Estate of Willie R. Gauldin."

# Discussion and Decision

## I. Trial Court's Jurisdiction

[8] In most instances, the Medical Malpractice Act (the "Act") requires that before a party may commence a medical malpractice action against a health care provider in an Indiana trial court, the party's proposed complaint must first be presented to a medical review panel through the Department of Insurance, and the panel must render an opinion as to whether the defendant failed to act within the appropriate standard of care. Ind. Code § 34-18-8-4; Ind. Code § 34-18-10-22. Thus, a trial court does not generally have jurisdiction over a medical malpractice action until proceedings before the Department of Insurance conclude. However, the Act does give a trial court limited authority to assert jurisdiction over threshold issues while a proposed complaint is pending before the medical review panel. *Haggerty v. Anonymous Party 1*, 998 N.E.2d 286, 294 (Ind. Ct. App. 2013); *see also* Ind. Code § 34-18-8-7(a)(3). The trial court may set a trial date, Ind. Code § 34-18-8-7(a)(3); dismiss the action for failure to prosecute, Ind. Code § 34-18-8-8; compel discovery, Ind. Code § 34-18-11-1(a)(2); or "preliminarily determine an affirmative defense or issue of law or fact that may be preliminarily determined under the Indiana Rules of Procedure[,]" Ind. Code § 34-18-11-1(a)(1). The effect of this section is to allow a trial court to dismiss a proposed action at an early stage in the proceedings.

[9] The Trustee claims that, despite this authority to determine matters regarding affirmative defenses (such as standing and judicial estoppel), the trial court lost

subject matter jurisdiction "[a]fter the bankruptcy court allowed Mr. Gauldin to cure his bankruptcy case and list his Medical Malpractice Complaint as an asset of the bankruptcy[.]" Appellant's Brief at 30. The Trustee is mistaken.

[10] "Subject matter jurisdiction exists when the Indiana Constitution or a statute grants the court the power to hear and decide cases of the general class to which any particular proceeding belongs." *R.L. Turner Corp. v. Town of Brownsburg*, 963 N.E.2d 453, 457 (Ind. 2012). "All standard superior courts have . . . original and concurrent jurisdiction in all civil cases and in all criminal cases[.]" Ind. Code § 33-29-1-1.5(1). The Medical Providers filed their motions for preliminary determination in Greene Superior Court, "a standard superior court as described in IC 33-29-1." Ind. Code § 33-33-28-2(b). Indiana Code section 34-18-11-1 grants a court with jurisdiction over the subject matter the limited power to determine an affirmative defense or issue of law while a proposed complaint for medical malpractice is pending before the medical review panel. Therefore, notwithstanding the bankruptcy court's actions, the trial court clearly had subject matter jurisdiction over the Medical Providers' motions for preliminary determination. *Cf. West v. Wadlington*, 933 N.E.2d 1274, 1277 (Ind. 2010) (holding that a court with general authority to hear claims of defamation and invasion of privacy was "not ousted of subject matter jurisdiction [over those claims] merely because the defendant pleads a religious defense. Rather, pleading an affirmative defense like the Free Exercise Clause *may under certain facts* entitle a party to summary judgment.") (emphasis in original). Whether and to what extent the trial court was obligated to defer to

the bankruptcy court's determinations in exercising that jurisdiction will be discussed below.

## II.  Dismissal of Proposed Complaint

### A.  Standard of Review

When evidence accompanies a motion for preliminary determination,[4] the motion is akin to a motion for summary judgment.  *Haggerty*, 998 N.E.2d at 294.  We review a summary judgment ruling by applying the same standard as the trial court:  if the evidence shows there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law, summary judgment is appropriate.  Ind. Trial Rule 56(C); *Csicsko v. Hill*, 808 N.E.2d 80, 82-83 (Ind. Ct. App. 2004), *trans. denied*.  We construe all facts and reasonable inferences from the designated evidence in the light most favorable to the non-moving party.  *Csicsko*, 808 N.E.2d at 83.  "When a pure question of law is presented, we review the matter *de novo*."  *Hodge v. Johnson*, 852 N.E.2d 650, 652 (Ind. Ct. App. 2006), *trans. denied*.  "A pure question of law is one that requires neither reference to extrinsic evidence, the drawing of inferences therefrom, nor the consideration of credibility questions for its resolution."  *Bader v. Johnson*, 732 N.E.2d 1212, 1216 (Ind. 2000) (quoting 4A Kenneth M. Stroud, Indiana Practice § 12.3 at 134 (2d ed. 1990)).

---

[4] Anonymous Physicians #1 and #2 designated evidence in support of their motion for preliminary determination.  The Trustee did likewise in its response to both motions for preliminary determination.

# B. Standing

[12] The Bankruptcy Code provides that the bankruptcy estate consists of all legal or equitable interests of the debtor in property as of the commencement of the case. 11 U.S.C. § 541(a)(1). This includes any unliquidated assets, such as personal injury causes of action. *Hammes v. Brumley*, 659 N.E.2d 1021, 1025 n.4 (Ind. 1995). Both motions for preliminary determination asserted that Gauldin had no standing to pursue this medical malpractice action because the cause of action was an asset of the bankruptcy estate.

[13] Standing is similar to, though not identical with, the real party in interest requirement of Indiana Trial Rule 17. *Beason-Strange-Claussen v. City of Hammond*, 701 N.E.2d 1288, 1290 (Ind. Ct. App. 1998), *trans. denied*. Trial Rule 17(A) provides that "[e]very action shall be prosecuted in the name of the real party in interest." "Standing refers to the question of whether a party has an actual demonstrable injury for purposes of a lawsuit." *Hammes*, 659 N.E.2d 1029. A party must have standing in order to invoke a court's jurisdiction. *Id.* at 1029-30. "A real party in interest, on the other hand, is the person who is the true owner of the right sought to be enforced [and] is entitled to the fruits of the action." *Id.* at 1030. "A party with standing and a real party in interest are not necessarily one and the same." *Krasnoff v. Educ. Res. Inst.*, No. 49A04-1501-CC-3, 2015 WL 5662525, at *3 (Ind. Ct. App. Sept. 24, 2015).

[14] In the wake of a Chapter 7 bankruptcy, the bankrupt party is not the real party in interest to a personal injury lawsuit arising before or during the bankruptcy;

the trustee of the bankruptcy estate is. *Hammes*, 659 N.E.2d at 1030. However, the bankrupt party does have standing to sue because he is the party who sustained a direct injury as a result of the conduct at issue. *Id.*; *see also Beason-Strange-Claussen*, 701 N.E.2d at 1291 ("According to the rationale expressed in *Hammes*, Rebecca [as the debtor] was not the real party in interest [to her personal injury lawsuit]. Rebecca's bankruptcy trustee was the real party in interest; however, Rebecca did have standing to sue. She had a demonstrable injury allegedly caused by the parties she was suing.") (citations omitted).

[15] Gauldin, as the party injured by the Medical Providers' alleged negligence, has standing to sue because he suffered a direct injury as a result of the conduct at issue. However, because the negligence took place—and his cause of action accrued—before he filed for bankruptcy, his cause of action is an asset of his bankruptcy estate, and the Trustee is the real party in interest for purposes of prosecuting the action. To remedy this defect, Gauldin's bankruptcy was reopened, and he moved to substitute the Trustee as plaintiff on the proposed complaint. Trial Rule 17(A)(2) provides,

> [n]o action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time after objection has been allowed for the real party in interest to ratify the action, or to be joined or substituted in the action. Such ratification, joinder, or substitution shall have the same effect as if the action had been commenced initially in the name of the real party in interest.

By its clear language, Trial Rule 17 encourages allowing the real party in interest to be joined or substituted in the action, and such substitution relates back to the date the initial complaint was filed. *Blackford v. Boone Cnty. Area Plan Comm'n*, 43 N.E.3d 655, 667-68 (Ind. Ct. App. 2015). Thus, in *Hammes*, our supreme court held that "[b]ecause the [bankrupt] parties had standing to sue, but simply were not the real parties in interest, they should be permitted to amend their original complaints to add their respective bankruptcy trustees to be substituted as real parties in interest, and have that amendment relate back to the original filing . . . ." 659 N.E.2d at 1030.

[16]   Because Gauldin had standing to sue, he was allowed to amend his proposed complaint to name the Trustee as the real party in interest and have that amendment relate back to the time of the original filing.[5] To the extent the trial

---

[5] The appellees take varying positions regarding this issue on appeal.

Anonymous Physicians #1 and #2 argue that, even though all pending motions were before the trial court and considered at the December 8, 2015, hearing, the fact the trial court granted the motions for preliminary determination and dismissed the proposed complaint without first ruling on the motion for substitution means the proper party to pursue the action was never before the trial court and the case was not commenced within the statute of limitations.

Anonymous Physician #3 and Anonymous Nurse Practitioner seem to assume the proposed complaint was properly amended but argue that even the amended proposed complaint naming "Richard W. Lorenz, Trustee of the Bankruptcy Estate of Willie R. Gauldin" is not brought in the name of the real party in interest because Lorenz is no longer the trustee. This is a hyper-technical argument that fails to acknowledge it is the office or position of Trustee that is important, not the name of the specific person serving as trustee at any given time.

Anonymous Corporation and Anonymous Hospital present their argument in this regard on the basis that the trial court *denied* Gauldin's motion to substitute on its merits. *See* Joint Appellees' Brief at 14-16. However, there is no support in the record for the assertion the trial court "exercised its discretion to deny leave to amend the pleadings." *Id.* at 16. Rather, the trial court simply did not rule on the motion one way or the other, presumably because it believed granting the motions for preliminary determination rendered the motion moot.

court granted the motions for preliminary determination based upon Gauldin's lack of standing or failure to prosecute in the name of the real party in interest,[6] it erred.

## C. Judicial Estoppel

[17] Anonymous Physician #3 and Anonymous Nurse Practitioner also alleged in their motion for preliminary determination that the proposed complaint should be dismissed pursuant to the doctrine of judicial estoppel.[7]

[18] It is a basic tenet of bankruptcy law that "all assets of the debtor, including all pre-petition causes of action belonging to the debtor, are assets of the bankruptcy estate that must be scheduled for the benefit of creditors." *Price v. Kuchaes*, 950 N.E.2d 1218, 1227 (Ind. Ct. App. 2011) (quoting *Kunica v. St. Jean Fin., Inc.*, 233 B.R. 46, 52 (S.D.N.Y. 1999)), *trans. denied*. Judicial estoppel is an equitable doctrine that prevents a litigant, absent a good explanation, from

All of this, of course, assumes the trial court was required to grant Gauldin permission to amend his proposed complaint. Trial Rule 15(A) states that "[a] party may amend his pleading once as a matter of course at any time before a responsive pleading is served . . . . Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party . . . ." "A motion to dismiss does not qualify as a responsive pleading for the purposes of the trial rule." *Comer v. Gohil*, 664 N.E.2d 389, 393 (Ind. Ct. App. 1996), *trans. denied*. As the motions for preliminary determination were, in effect, motions to dismiss, no responsive pleading had yet been filed to the proposed complaint, and Gauldin was entitled to amend the pleading without leave of court.

[6] The trial court did not state the basis for its order granting the motions for preliminary determination and dismissing the proposed complaint.

[7] Anonymous Physician #3 and Anonymous Nurse Practitioner allege in their brief that Gauldin waived appellate review of this issue by not raising it to the trial court. However, Gauldin was under no obligation to raise to the trial court or counter the *Medical Providers'* affirmative defense on which they had the burden of proof in order to preserve error in the trial court's ruling on it. Moreover, we note that their citation to Appellate Rule 46(A)(8)(a) is inapposite to their argument: that rule (and the case cited in support) concerns failure to adequately raise an issue *on appeal*.

"gain[ing] an advantage by litigating on one theory and then pursu[ing] an incompatible theory in subsequent litigation." *Morgan Cnty. Hosp. v. Upham*, 884 N.E.2d 275, 280 (Ind. Ct. App. 2008) (citation omitted), *trans. denied*. It can be applied where a bankruptcy debtor fails to schedule or otherwise disclose a cause of action to the bankruptcy court and later seeks to recover on that action in state court. *Price*, 950 N.E.2d at 1227. Judicial estoppel applies only to intentional misrepresentation, so the dispositive issue is the bad faith intent of the litigant. *Robson v. Tex. E. Corp.*, 833 N.E.2d 461, 466 (Ind. Ct. App. 2005), *trans. denied*. "[J]udicial estoppel is not meant to be a technical defense for litigants seeking to derail potentially meritorious claims." *Id.* (citing *Ryan Operations G.P. v. Santiam-Midwest Lumber Co.*, 81 F.3d 355, 365 (3d Cir. 1996)).

[19] Under the United States Constitution, the federal government has the exclusive power to promulgate bankruptcy laws. U.S. Const., art. 1, § 8. Because bankruptcy law is exclusively federal, it preempts state law pursuant to the supremacy clause, and Indiana courts therefore have limited jurisdiction over matters relating to bankruptcy proceedings. *See Goodman v. Serine*, 6 N.E.3d 481, 483-84 (Ind. Ct. App. 2014). When a bankruptcy court addresses a specific issue bearing on a state law claim, we should apply the bankruptcy court's finding unless doing so would compromise Indiana's legal framework. *Holiday v. Kinslow*, 659 N.E.2d 647, 649 (Ind. Ct. App. 1995).

[20] A bankruptcy case may be re-opened at the bankruptcy court's discretion. *Hammes*, 659 N.E.2d at 1028 (citing 11 U.S.C. § 350(b); *Matter of Shondel*, 950 F.2d 1301, 1304 (7th Cir. 1991)). In *Hammes*, our supreme court addressed a

group of cases in which the debtors failed to list certain claims (including in one case a medical malpractice claim) as assets in their respective bankruptcy petitions but then successfully petitioned the bankruptcy court to reopen their bankruptcy estates so they could remedy this error and add the unlisted claims. 659 N.E.2d at 1025-27.

> Here, the bankruptcy court exercised its discretion in reopening the bankruptcy cases so that the debtors could remedy the error of failing to list certain claims—the error which precluded the debtors from pursuing their claims. As such, it seems the bankruptcy court clearly exercised its discretion in reopening the estates to permit the debtors to pursue their claims. Again, we recognize the bankruptcy court's preeminence in bankruptcy matters and hence we cannot frustrate the bankruptcy court's intent to permit the debtors to proceed with their lawsuits by reopening the estates to add the unlisted claims. Therefore, we conclude that the debtors are now entitled to proceed with their respective lawsuits . . . .

*Id.* at 1028-29.

[21] So, too, here: the bankruptcy court reopened Gauldin's bankruptcy at the Trustee's request and allowed the filing of an amended schedule listing the pending medical malpractice action as an asset. For a state court to rule that the medical malpractice action is judicially estopped from going forward would be to "frustrate the bankruptcy court's intent" in reopening the bankruptcy estate to permit the lawsuit to proceed. *See Price*, 950 N.E.2d at 1230 (noting, based upon the supremacy of federal law and the exclusive jurisdiction of the federal bankruptcy court, "we may not and will not second-guess the

bankruptcy court's reasoning" in entering an order that a bankruptcy could proceed with the trustee's knowledge of a pending legal malpractice action that was not originally listed in the debtor's bankruptcy petition).

[22] The Medical Providers claim allowing the negligence action to proceed would unjustly enrich Gauldin because only one creditor re-filed a claim after the bankruptcy was reopened. There is no allegation, however, that *all* creditors were not apprised of the reopening of the bankruptcy estate, and should a recovery be obtained from this action, the distribution of the bankruptcy estate will be up to the bankruptcy court. *Hammes*, 659 N.E.2d at 1028 (noting that reopening a bankruptcy case puts the bankruptcy estate back into the process of administration) (citing *In re Succa*, 125 B.R. 168, 170 (Bankr. W.D. Tex. 1991)). We also note the *Hammes* court's discussion of the "sound public policy" behind permitting debtors to substitute the trustee as the real party in interest:

> In general, the plaintiff-debtor does not have anything to gain from failing to commence a suit in the name of the trustee, because a debtor who fails to do so is precluded from pursuing that claim in his or her own name. Instead, it is the creditors of such plaintiff-debtors who are deprived of access to a potential asset. The innocent creditors of the plaintiff-debtors should not suffer due to commencing a lawsuit in the name of the plaintiff-debtor rather than in the name of the trustee.

*Id.* at 1030.

[23] To the extent the ruling on the motion for preliminary determination was based upon the doctrine of judicial estoppel, the trial court erred.

# Conclusion

[24] The trial court erred in granting the Medical Providers' motions for preliminary determination as neither lack of standing nor judicial estoppel serves as a basis for dismissing the proposed complaint. The judgment of the trial court is reversed.

[25] Reversed.

Vaidik, C.J., and Pyle, J., concur.