# FOR PUBLICATION

ATTORNEY FOR APPELLANTS:

**BRADLEY J. BUCHHEIT**
Tucker Hester Baker & Krebs, LLC
Indianapolis, Indiana

ATTORNEY FOR APPELLEE:
Attorney for U.S. Dept. of Treasury, IRS
**CURTIS C. PETT**
Department of Justice, Tax Division
Washington, D.C.

## IN THE
## COURT OF APPEALS OF INDIANA

FILED
Mar 31 2014, 10:25 am

CLERK
of the supreme court,
court of appeals and
tax court

| | | |
|---|---|---|
| VICTOR W. GOODMAN and JACQUELYN C. BURKE, | ) | |
| | ) | |
| Appellants-Plaintiffs, | ) | |
| | ) | |
| vs. | ) | No. 55A01-1304-PL-176 |
| | ) | |
| STEVEN L. SERINE, SUZANNE M. SERINE, UNITED STATES OF AMERICA DEPARTMENT OF THE TREASURY INTERNAL REVENUE SERVICE, ROBERT J. DeGRAZIA, MARY ANN DeGRAZIA, and all their Husbands, Wives, Widowers, Widows, Heirs, Devisees, Successors, Assignees, and all other Persons claiming any right, title, or interest in the within described real property by, through, or under them or any other person or entity, including John Doe and Jane Doe, the names of whom are unknown to Plaintiff. | ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| | ) | |
| Appellees-Defendants. | ) | |

APPEAL FROM THE MORGAN CIRCUIT COURT
The Honorable Matthew G. Hanson, Judge
Cause No. 55C01-1203-PL-664

**March 31, 2014**

**OPINION - FOR PUBLICATION**

**MAY, Judge**

Victor Goodman and Jacquelyn Burke (collectively, "Goodman") appeal a summary judgment in favor of the Internal Revenue Service (IRS). The court granted summary judgment after finding tax liens remained on property Goodman bought even though a bankruptcy court had ordered the property could be sold free and clear of all liens. As the trial court was not the proper forum for the resolution of that matter, we vacate its judgment and direct it to dismiss Goodman's complaint to quiet title.

**FACTS AND PROCEDURAL HISTORY**

Steven and Suzanne SeRine owned a parcel of land in Morgan County. The SeRines had not paid their federal income tax liabilities for 2003, 2005, and 2006, and on March 10, 2008, the IRS filed tax liens against the property. The SeRines filed for bankruptcy on July 22, 2008, and they listed the parcel as an asset. The IRS filed a proof of claim for the unpaid taxes.

On August 11, 2008, Goodman and the SeRines executed a land contract for the sale of the parcel[1] to Goodman for $150,000. The contract provided Goodman would pay $20,000 when the contract was executed, $10,000 at an unspecified later date, and the

---

[1] On March 25, 2008, before the bankruptcy filing, Goodman and the SeRines purported to enter into a "conditional real estate sales contract," (App. at 66), that referred to an eleven-acre parcel identified only by the address 2140 Plummer Road, Martinsville, Indiana 46151. The conditional sales contract did not include a legal description. It provided "[t]he down payment of $20,000 is to be paid immediately," (*id*.), and a handwritten notation says "3-26-08 – Rec'd $10,000." (*Id*. at 67.)

The parcel that is the subject of the trial court's judgment and this appeal is a 12.76 acre parcel the SeRines purported to convey to Goodman on August 11, 2008, after the bankruptcy filing, via a "land contract," (*id*. at 72), that did include a legal description. The "land contract" referred to the property by the same address, 2140 Plummer Road, but did not refer to any prior agreement to sell the property. The existence of IRS tax liens was acknowledged in the post-bankruptcy "land contract" but not in the pre-bankruptcy "conditional real estate sales contract."

balance through monthly payments over ten years. The contract was explicit that there were encumbrances on the parcel, including the IRS tax liens. On the day the contract was executed the SeRines "executed and delivered the Deed." (App. at 185.) The quitclaim deed was not recorded until February 1, 2010.

On July 8, 2009, the SeRines moved in the bankruptcy court for permission to sell Goodman the same parcel free and clear of all liens. The SeRines' motion asserted they still owned the parcel and did not disclose the August 11, 2008, land contract and deed conveyance. The SeRines represented in their motion that the IRS consented to the sale, but the record reflects there was no "particular individual who consented to the Bankruptcy Motion" on behalf of the IRS. (*Id*. at 192.) The bankruptcy court granted the motion on August 5, 2009, but no sale occurred after that date.

The SeRines' bankruptcy case was dismissed October 1, 2009. In March of 2012, Goodman brought a complaint in the Morgan Circuit Court to quiet title to the parcel, naming IRS as a defendant and asserting the IRS liens were extinguished by the bankruptcy court's order. In the motion Goodman noted the quitclaim deed from the SeRines had been recorded in 2010, after the bankruptcy court's order, but Goodman did not acknowledge the land contract execution and deed conveyance had already happened before the bankruptcy court's order the parcel could be sold free and clear of the tax liens.

Both Goodman and the IRS moved for summary judgment, and the trial court granted the IRS motion. It noted that on "August 11, 2008, the SeRines sold said property to the Plaintiffs and gave them a deed which consummated the sale and delivery of said property,"

3

(*id*. at 9), and determined title to the parcel passed from the SeRines to Goodman "no later than August 11, 2008." (*Id.* at 10.) Therefore, it held, "the elimination of liens within [the 2009 bankruptcy court order] is of no effect." (*Id*. at 11.)

## DISCUSSION AND DECISION

As bankruptcy law is federal law, it preempts state law pursuant to the supremacy clause. *Hammes v. Brumley*, 659 N.E.2d 1021, 1027 (Ind. 1995), *reh'g denied*. 28 U.S.C. § 1334(a) provides that federal courts have original and exclusive jurisdiction in all bankruptcy matters. Our Indiana Supreme Court has noted "there should be no legitimate question about the legislative intent to vest the [federal court] with a complete, pervasive, jurisdiction over all matters that have to do with a bankruptcy case." *Id*. (quoting George Treister, *Fundamentals of Bankruptcy Law* § 2.01 (2d ed. 1988)).

The jurisdiction of the bankruptcy court is exclusive of all other courts. *Id*. When the bankruptcy court addresses a specific issue bearing on a state claim, we should apply the bankruptcy court's finding unless doing so would compromise Indiana's legal framework. *Brewer v. EMC Mortgage Corp.*, 743 N.E.2d 322, 324 (Ind. Ct. App. 2001), *reh'g denied, trans. denied*.

11 U.S.C. § 541 provides that the commencement of a bankruptcy case creates an estate, and which estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case." As the purported transfer to Goodman took place after the SeRines filed for bankruptcy, the property presumably was part of the bankruptcy estate. Whether any interest could have been transferred to Goodman, or the nature of any such

4

interest, are questions of bankruptcy law that must be resolved by the bankruptcy court, not by our state courts.

That the SeRines' bankruptcy case was ultimately dismissed does not change that conclusion. Dismissal of a bankruptcy proceeding normally results in dismissal of related proceedings because federal jurisdiction is premised on the nexus between the underlying bankruptcy case and the related proceedings. *Matter of Statistical Tabulating Corp., Inc.*, 60 F.3d 1286, 1289 (7th Cir. 1995), *cert. denied sub nom. LaSalle Bank Lake View v. United States,* 516 U.S. 1093 (1996). But that general rule is not without exceptions. *Id.* "Section 349 of the Bankruptcy Code lists the various effects of dismissal of the underlying bankruptcy case; conspicuously absent from that list is automatic termination of jurisdiction of related cases." *Id*. (quoting *In re Carraher,* 971 F.2d 327, 328 (9th Cir. 1992)). In the case of adversary proceedings, jurisdiction is not automatically terminated with the dismissal of the underlying bankruptcy case, and bankruptcy courts have discretion to retain jurisdiction over adversary proceedings. *Id*. The rationale for retention of jurisdiction over an adversary proceeding is that some cases have progressed so far that judicial interference is needed to unravel or reserve the rights of parties. *Id.*

In *Statistical Tabulating*, there was a live controversy between two creditors when the bankruptcy court dismissed the underlying bankruptcy, and the dismissal did not fully resolve or otherwise render moot the issue on appeal. *Id.* at 1290. The Seventh Circuit accordingly held the bankruptcy court should have revisited the agreed order as the district court had directed. *Id.* As the issues in the case before remain subject to bankruptcy court jurisdiction,

5

we vacate the trial court's judgment and direct it to dismiss the quiet title action.

Judgment vacated and cause remanded.

BAILEY, J., and BRADFORD, J., concur.