Gina B. KROL, Trustee in the Bankruptcy of Americontainer Limited Partnership, Case No. 91B24275, United States Bankruptcy Court for the Northern District of Illinois, Appellant–Claimant,

v.

CENTIER BANK, Successor Personal Representative of the Estate of Robert S. Rankin, Deceased, Appellee–Defendant.

No. 45A05–9903–CV–136.

Court of Appeals of Indiana.

Oct. 12, 1999.

Randall C. Romei, Timothy J. McGonegle, Ashcraft & Ashcraft Ltd., Chicago, Illinois, Attorneys for Appellant.

William J. Moran, Blackmun, Bomberger & Moran, Highland, Indiana, Attorney for Appellee.

## OPINION

**BAKER, Judge**

Appellant-claimant Gina B. Krol as trustee in bankruptcy for Americontainer Limited Partnership (Americontainer) appeals the judgment entered in favor of Centier Bank, the successor personal representative of the estate of Robert S. Rankin. Specifically, Krol contends that the trial court erroneously determined that Americontainer no longer "owned" a judgment that it had previously obtained against Rankin's estate in federal court. Thus, Krol asserts that it was error for the trial court to deny Americontainer's claim against the estate.

### FACTS

Americontainer leased a portion of a building from Robert S. Rankin, subject to Rankin's completion of some construction and repairs to the structure. Contrary to the agreement, Rankin failed to perform the work. As a result, Americontainer brought an action for damages in the United States District Court against Rankin in 1989 stemming from his failure to complete the agreed-upon work.

During the pendency of the action in federal court, Americontainer was placed in involuntary Chapter 7 Bankruptcy on November 13, 1992, where Krol was appointed as trustee. Thereafter, Rankin died on April 3, 1994. As a result, Sharyn, his wife, was appointed as personal representative of the estate.

On August 16, 1994, Americontainer filed a claim against Rankin's estate for $1,997,755.24, representing the amount that had been entered by the federal court in its favor on the breach of lease action. On November 17, 1994, the personal representative disallowed Americontainer's claim. Thereafter, following an appeal to the Seventh Circuit Court of Appeals, the Federal District Court entered final judgment for Americontainer in the amount of

$961,763.45 with interest, against Rankin.[1] In response, Americontainer filed an amended claim against the estate for that amount, plus interest. Rankin's estate filed an answer, asserting that neither Krol nor Americontainer were the owners of the cause of action against Rankin. The estate asserted that Krol had sold Americontainer's assets, including the right of action or claim against Rankin, to another corporation during the pendency of the bankruptcy proceedings.

During the course of the bankruptcy, Krol obtained authority from the Bankruptcy Court to sell all assets of Americontainer to two other companies. However, those sales were never consummated. The court ultimately permitted Krol to sell certain assets to Venezuelan Container Group (VCG). In the motion for authority to sell those assets that was submitted to the bankruptcy court, Krol asserted that she received an offer to purchase in the amount of $1,335,000.00 from VCG. R. at 594. Krol also noted that the "court had previously authorized her to sell all of the assets of [Americontainer] to Ace Engineering." R. at 594. The order issued by the bankruptcy court entered on May 14, 1992 permitting Krol to sell "certain of the Debtor's assets pursuant to and as described in that certain Purchase Agreement dated May 7, 1992." R. at 596. The referenced purchase agreement is not contained in the record. However, a letter dated May 8, 1992, from VCG's counsel to Krol recites that it was submitting a bid of $1.335 million "for the purchase of the assets described hereinafter of Americontainer." R. at 662. The document accompanying that letter sets forth a list of business equipment, office materials and other tangible assets which were to be included in the purchase price. R. at 665–82. On May 17, 1993, nearly one year after the sale of Americontainer's assets to VCG, the bankruptcy court entered an order authorizing Krol to retain counsel in an effort to collect the judgment against Rankin's estate for the bankruptcy estate's benefit. R. at 573–75.

At a bench trial which commenced in May, 1998 regarding Americontainer's claim against the estate, Krol testified that while the sale of the assets to VCG was not documented in a formal contract, there was a bill of sale and the May 8, 1992 letter which memorialized the agreement. Krol also acknowledged that the cause of action against Rankin was not included in the description of the assets that had been attached to the letter agreement. Thus, Krol asserted that the judgment against Rankin remained uncollected and requested that the judgment be allowed as a valid claim against the estate.

The Probate Commissioner ultimately entered judgment for Rankin's estate [2] and entered findings of fact and conclusions of law on October 6, 1998. In relevant part, those findings provided as follows:

### FINDINGS OF FACT

. . .

8. That on May 13, 1992, Trustee Krol filed Trustee's Motion for Authority to Sell Assets to Venezuelan Container Group, S.A., which, in part, recited as follows:

. . .

2. That this Court had previously authorized her to sell *all of the assets* of this Debtor to Mr. Sunny You, . . . . (Emphasis added).

3. Further, that after current negotiations with Mr. Sunny You, it appeared that there would be substantial delay in obtaining the proceeds from said sale.

---

1. The Federal District Court had originally entered judgment for Krol. That judgment was vacated twice by the United States Court of Appeals and remanded for a recalculation of damages.

2. Sharyn Rankin resigned as personal representative on August 11, 1998.

4. That the Trustee has received a substantial offer from Venezuelan Container Group, S.A., for the purchase of *these assets* in the amount of $1,335,000.00.

9. That on May 14, 1992, the United States Bankruptcy Court entered an Order and Judgment under Case No. 91 B 24275, 'In Re Americontainer Limited Partnership, Debtor,' ordering and authorizing Trustee Krol to transfer, convey and sell *all of Debtor's assets* to Venezuelan Container Group, S.A. (Emphasis added).

10. That the Court finds that 'all of the assets' would include a claim or cause of action or judgment owned and/or held by Americontainer against decedent, Robert S. Rankin.

11. That the Court further finds that the United States Bankruptcy Court for the Northern District of Illinois had exclusive jurisdiction over the questions and issues of the assets and business affairs of Americontainer by virtue of the United States Bankruptcy Code—Title 11, U.S.C.A.

12. That there have been no amendments, supplements, modifications or appeals of the Judgment/Order of the United States Bankruptcy Court for the Northern District of Illinois entered on May 14, 1992, and that said judgment is final and conclusive upon the parties to those proceedings and upon this Court.

13. That Trustee Krol claims that the Purchase Agreement with Venezuelan Container Group, S.A. would probably show that the sale was only of tangible assets as set out in a Bill of Sale. Trustee Krol cannot locate a copy, signed or otherwise, of the claimed contract, ... but this Court has no jurisdiction to look beyond or inquire into the Judgment of the United States Bankruptcy Court and will not enter into conjecture as to what in fact the terms were or would assume that they would vary the literal terms of the Orders of the United States Bankruptcy Court.

14. A Bill of Sale is a document '... by which one person assigns or transfers his right to or interest in goods and personals chattels to another' ... was a proper document to transfer the tangible property sold, but would not have been a proper transfer document for cause of action or judgment.

15. That the owner and holder of any and all rights, claims, and interests of that certain Judgment in the United States District Court in favor of Americontainer and against the decedent, Robert S. Rankin, is not the claimant, Americontainer, nor the trustee in Bankruptcy, Gina B. Krol.

## CONCLUSIONS OF LAW

. . .

2. That the claim and/or cause of action/judgment of Americontainer versus Robert S. Rankin, now deceased, entered on July 31, 1997, in the United States District Court for the Northern District of Indiana, was sold and transferred, pursuant to an Order of the United States Bankruptcy Court for the Northern District of Illinois, and that neither Americontainer, the bankrupt, nor its Trustee, Gina B. Krol, are the owners of such claim, cause of action, and/or judgment.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that claimant, Americontainer Limited Partnership, and/or Gina B. Krol, take nothing by way of their claim versus Sharyn L. Rankin, as Personal Representative of the Estate of Robert S. Rankin, Deceased.

R. at 190–95. Americontainer and Krol now appeal from this order.

## DISCUSSION AND DECISION

### I. Standard of Review

■■■ We initially note our standard of review. When a trial court has entered findings of fact and conclusions of law, we engage in a two-tiered standard of review.

We must first determine whether the evidence supports the findings of fact and then whether the findings support the judgment. *Heiligenstein v. Matney,* 691 N.E.2d 1297, 1299–1300 (Ind.Ct.App.1998). The court's findings and judgment will not be reversed unless clearly erroneous. *Id.* at 1300. Findings of fact are clearly erroneous when the record lacks any facts or reasonable inferences from the evidence to support them. *Id.* The judgment is clearly erroneous when it is unsupported by the findings of fact and conclusions entered on the findings. *Id.* In making these determinations, we will neither reweigh the evidence nor judge witness credibility, but we will consider only the evidence favorable to the judgment and all reasonable inferences therefrom. *Id.*

## II. Krol's Claims

■■■■ To resolve Krol's contention that the judgment for Centier Bank was erroneous and constituted an impermissible collateral attack on the Bankruptcy Court's order granting the claim against Rankin's estate, we initially observe that the federal courts have original and exclusive jurisdiction in all bankruptcy matters. *Hammes v. Brumley,* 659 N.E.2d 1021, 1027 (Ind.1995). Moreover, the jurisdiction of the bankruptcy court is exclusive of all other courts. *Id.* Thus, a probate court has no authority over issues regarding assets of the bankruptcy estate. *See id.*

■■■ Here, we note that the Bankruptcy Court's Order of May 17, 1993, expressly authorized Krol to employ special counsel to collect the judgment that was obtained "in the District Court." R. at 573. The plain language of the order leaves no question that the bankruptcy court considered the judgment against Rankin an asset of the bankruptcy estate.

Additionally, Krol testified at trial that she had prepared the proposed order for the court. R. at 503. After the bankruptcy judge signed the order, Krol directed special counsel to pursue the estate claim.

R. at 507. Krol also acknowledged that the letter agreement of May 8, 1992, the bill of sale and the description of the assets attached to the letter constituted the complete agreement to sell the assets to VCG. That description described only the physical assets of Americontainer. Krol explicitly and unequivocally testified that the cause of action against Rankin's estate was not included in the description of the assets that were attached to the letter agreement. R. at 554–55.

We also note that the intent of the parties regarding the type of assets that Americontainer was selling to VCG is apparent from the findings of the bankruptcy court in its May 17, 1992 order. That order provided that "the assets must be removed from their current location. Given the length of time necessary to effect the dismantling and shipping of the voluminous Assets, a prompt sale of the Assets is required, in order to ensure that the Assets will be removed by July 31, 1992." R. at 662. There was simply no mention of any purported cause of action that Americontainer was allegedly including in the sale of the assets to VCG.

In light of the above, the undisputed evidence demonstrates that the Probate Commissioner's order contravened the bankruptcy court's order that the judgment against Rankin remained an asset in the bankruptcy estate. As a result, the order denying Krol's claim against Rankin's estate was clearly erroneous and may not stand.

Judgment reversed and remanded to the trial court with instructions that the judgment obtained by Americontainer in federal court be permitted to proceed as a valid claim against Rankin's estate.

SHARPNACK, C.J. and MATTINGLY, J., concur.