# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**
May 26 2015, 10:19 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEYS FOR APPELLANTS

Peter J. Rusthoven
Barnes & Thornburg LLP
Indianapolis, Indiana

Brian Custy
Merrillville, Indiana

ATTORNEYS FOR APPELLEE

F. Joseph Jaskowiak
Lauren K. Kroeger
Hoeppner, Wagner & Evans LLP
Merrillville, Indiana

Karl L. Mulvaney
Nana Quay-Smith
Bingham Greenebaum Doll LLP
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Lake County Trust Co., as Trustee for Lake County Trust 5434, James L. Gagan and Eugene H. Deutsch,

*Appellants,*

v.

United Consumers Club, INC.,

*Appellee*

May 26, 2015

Court of Appeals Case No. 45A03-1407-PL-226

Appeal from the Lake Superior Court

The Honorable John M. Sedia, Judge

Cause No. 45D01-1401-PL-11

**Friedlander, Judge.**

[1] This is the second iteration of a legal dispute involving property owned by Lake County Trust 5434 (the Trust) and leased by United Consumers Club (United), with the primary difference between this one and the first lawsuit being the addition of James L. Gagan and Eugene H. Deutsch (the Beneficiaries), who are beneficiaries of the Trust, as parties to the lawsuit. In both actions, the plaintiff(s) sued United for recovery of unpaid rent. In the first action, an interlocutory appeal that we shall designate as *United I*, the action was brought by Lake County Trust Co. (the Trustee) on behalf of the Trust. On grounds that will be explained below, this court determined that the Trust did not have standing to sue United and reversed the trial court's order denying United's motion to dismiss for lack of standing. *See Lake Cnty. Trust Co. v. United Consumers Club, Inc.*, 45A03-1111-PL-527 (Ind. Ct. App. Sept. 11, 2012). The case was dismissed after remand on March 13, 2013 pursuant to the Trust's motion to dismiss.

[2] The present lawsuit was filed in January 2014, and is essentially the same as the first, with the exception that the Beneficiaries were added as plaintiffs. United filed a Trial Rule 12(B)(6) to dismiss the January 2014 action on grounds of res judicata. The Beneficiaries appeal the grant of that motion, presenting a single issue for review: did the trial court err in holding that the ruling in *United I* constituted a dismissal on the merits against the Beneficiaries, thus barring on res judicata grounds the present case?

[3] We reverse.

[4]     The underlying facts were set out in *United I*, as follows:

> Lake County Trust 5434 ("the Trust") sued United Consumers Club ("United") for recovery of unpaid rent. The lawsuit was brought by the Trustee only; the trust beneficiaries were not named as plaintiffs even though the trust document explicitly provided the Trust could not collect or receive the rents from the trust property. …
>
> The document creating the Trust provides in part:
>
>> It is further expressly understood and agreed that [the Trust] has no right or power whatsoever to manage, control or operate said real estate in any way or to any extent and is not entitled at any time to collect or receive for any purpose, directly or indirectly, the rents, issues, profits or proceeds of said real estate or any mortgage or any disposition thereof.
>
> In May of 2009, the Trust, in the name of the Trustee only and not the beneficiaries, sued United for recovery of unpaid rent. In August 2009 the Trust amended its complaint to allege United had not paid base rent, taxes, and operating expenses as required under the lease agreement. United moved to dismiss, and its motion was denied. In December 2009, United filed its amended answer and counterclaim in which it alleged, among other things, that the Trust was not the real party in interest or was otherwise "not qualified to bring these claims per the terms of the lease," and "lacks standing to sue for the relief sought in the amended complaint."
>
> The parties then filed cross-motions for summary judgment, and in September of 2011 the trial court granted summary judgment for the Trust on certain issues and for United on one issue. In its summary judgment order, it concluded the Trust had standing to bring the lawsuit. The trial court certified its order for interlocutory appeal, and we accepted jurisdiction.

[5]     *Id.*, slip op. at 1 (internal citations and footnote omitted).

On appeal, this court noted that an allegation of lack of standing is treated as a motion to dismiss under T.R. 12(B)(6). The main purpose of standing is to insure that the party before the court has a substantive right to enforce the claim that is being made in the litigation. *See Lunsford v. Deutsche Bank Trust Co. Americas as Tr.*, 996 N.E.2d 815 (Ind. Ct. App. 2013). We further noted that "a court has no jurisdiction over a particular case unless a party with standing is participating in the case." *Lake Cnty. Trust Co. v. United Consumers Club, Inc.*, 45A03-1111-PL-527, slip op. at 1. Based upon the following rationale, we concluded that the Trust did not have standing to sue United for unpaid rent and therefore that its lawsuit should have been dismissed:

> The trust document is explicit that the Trust "is not entitled at any time to collect or receive for any purpose, directly or indirectly, the rents, issues, profits or proceeds of said real estate," … and we agree with United that "[u]sing the words that the Trust had 'no power to collect rents,' also left the Trustee with no power to bring a lawsuit to collect rent."

*Id.* (internal footnote and citations omitted).

This brings us to the present case. As indicated above, this lawsuit is essentially the same as the first, with the exception of the addition of the Beneficiaries as plaintiffs. United contends that the dismissal of *United I* constituted a decision on the merits against the Beneficiaries of the dispute over nonpayment of rent and therefore is res judicata with respect to the present case. The trial court agreed, citing Indiana Trial Rule 41(B), "which provides that any dismissal other than a dismissal for lack of jurisdiction, operates as an adjudication on the

merits [.]" *Appellant's Appendix* at 6. The Beneficiaries challenge that determination.

[9] We begin by briefly addressing the trial court's citation to T.R. 41(B) in support of its ruling. The relevant portion of that provision states, "Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision or subdivision (E) of this rule and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, operates as an adjudication upon the merits." T.R. 41(B). Clearly, the premise of the trial court's ruling is that the dismissal of the case in *United I* was something "other than a dismissal for lack of jurisdiction." Although the dismissal was based technically upon T.R. 12(B)(6), the specific reasoning for dismissal was that the Trust lacked standing to sue United for unpaid rent. As this court stated in *United I*, "a court has no jurisdiction over a particular case unless a party with standing is participating in the case." *Lake Cnty. Trust Co. v. United Consumers Club, Inc.*, 45A03-1111-PL-527, slip op. at 1 (citing *In re Custody of G.J.*, 796 N.E.2d 756 (Ind. Ct. App. 2003), *trans. denied*). In short, the lawsuit in *United I* was dismissed for lack of standing, which had jurisdictional implications. For this reason, on the facts of this case, the exception in the quoted portion of T.R. 41(B) applies and thus, as to all parties except the Trust, it did not constitute an adjudication on the merits within the meaning of T.R. 41(B).

[10] A T.R. 12(B)(6) motion to dismiss for failure to state a claim upon which relief can be granted tests the legal sufficiency of a claim, not the facts supporting it. *Godby v. Whitehead*, 837 N.E.2d 146 (Ind. Ct. App. 2005), *trans. denied*.

Accordingly, we view the complaint in the light most favorable to the non-moving party and draw every reasonable inference in that party's favor. *Id.* We will affirm a grant of such a motion to dismiss if it is apparent that the facts alleged in the complaint are incapable of supporting relief under any set of circumstances. *Id.* "In determining whether any facts will support the claim, we look only to the complaint and may not resort to any other evidence in the record." *Id.* at 149. Finally, we apply a de novo standard of review in appeals from the grant of a motion to dismiss under T.R. 12(B)(6). *Godby v. Whitehead*, 837 N.E.2d 146.

[11] Both parties agree that this case turns on the question of whether res judicata properly applies. More specifically, the issue is whether, with respect to the Beneficiaries, the former judgment satisfies the element of res judicata that it was "rendered on the merits."[1] The parties' competing positions on that question are as follows: quoting *Schultz v. State*, 731 N.E.2d 1041, 1043 (Ind. Ct.

---

[1] Res judicata is appropriate only where the following four elements are present:

1. the former judgment must have been rendered by a court of competent jurisdiction;

2. the former judgment must have been rendered on the merits;

3. the matter now in issue was or might have been determined in the former suit; and

4. the controversy adjudicated in the former suit must have been between the parties to the present action or their privies.

*Indiana State Ethics Comm'n v. Sanchez*, 18 N.E.3d 988, 993 (Ind. 2014) (quoting *Chemco Transp., Inc. v. Conn.*, 527 N.E.2d 179, 181 (Ind. 1988)).

App. 2000), *trans. denied*, United argues "[a] decision that a party lacks standing pursuant to Trial Rule 12(B)(6) operates as an adjudication on the merits." This quote from *Schultz* cites *Lake Cnty. Council v. State Bd. of Tax Comm'rs*, 706 N.E.2d 270, 280 (Ind. T.C. 1999) *adhered to on reconsideration sub nom. Montgomery v. State Bd. of Tax Comm'rs*, 708 N.E.2d 936 (Ind. T.C. 1999), *rev'd*, 730 N.E.2d 680 (Ind. 2000), as its source authority. *Lake County Council*, however, adds an important qualifier that the panel in *Schultz* chose not to include, i.e., "[a] decision that a party lacks standing pursuant to Trial Rule 12(B)(6) operates as an adjudication on the merits … *as to the party seeking to invoke the court's jurisdiction*." *Lake Cnty. Council v. State Bd. of Tax Comm'rs*, 706 N.E.2d at 280 (emphasis supplied). In light of the full quote from *Lake Cnty. Council v. State Bd. of Tax Comm'rs*, the granting of United's motion in the present case clearly acted as an adjudication on the merits against the Trust. The question is, was this ruling also binding upon the Beneficiaries?

[12]    "Not all judgments of dismissal on the grounds stated in Ind. Rules of Procedure, Trial Rule 12(B) constitute an adjudication on the merits so as to bar presentation of the same issues in a subsequent action." *Ragnar Benson, Inc. v. Wm. P. Jungclaus Co.*, 352 N.E.2d 817, 820 (Ind. Ct. App. 1976). In this case, *United I* was dismissed upon the determination that the Trust lacked standing to bring the lawsuit. The Beneficiaries contend this was tantamount to a dismissal on grounds that the Trust was not the real party in interest. This, in turn, would justify application of the rule that "dismissal for want of a real party in interest is not on the merits and would not bar any action which the real party

in interest might decide to bring at a later time." *State v. Rankin*, 260 Ind. 228, 233, 294 N.E.2d 604, 607 (1973).

[13] The concepts of standing and real party in interest often are understandably considered one and the same. *Hammes v. Brumley*, 659 N.E.2d 1021 (Ind. 1995). Our Supreme Court has indicated, however, that they are not. "Although they are quite similar, they are indeed different concepts." *Id*. at 1029. Standing refers to the question of whether a party has an actual demonstrable injury for purposes of a lawsuit. *Barnette v. U.S. Architects, LLP*, 15 N.E.3d 1 (Ind. Ct. App. 2014). "To establish standing, the plaintiff must 'demonstrate a personal stake in the outcome of the lawsuit and must show that he or she has sustained or was in immediate danger of sustaining, some direct injury as a result of the conduct at issue.'" *Vectren Energy Mktg. & Serv., Inc. v. Exec. Risk Specialty Ins. Co.*, 875 N.E.2d 774, 777 (Ind. Ct. App. 2007) (quoting *Shourek v. Stirling*, 621 N.E.2d 1107, 1109 (Ind. 1993)). On the other hand, our Supreme Court has explained that a real party in interest "is the person who is the true owner of the right sought to be enforced." *Hammes v. Brumley,* 659 N.E.2d at 1030. Put another way, the real party in interest is the one who is "entitled to the fruits of the action." *Id*.

[14] In the present case, the Trust manages the property for the benefit of the Beneficiaries, and normally would therefore be authorized to file a lawsuit for recovery of unpaid rent pertaining to the trust property. Thus, the Trust would usually have standing to file this lawsuit. *See* Ind. Code Ann. § 30-4-3-3(a)(11) (West, Westlaw current with legislation of the 2015 First Regular Session of the

119th General Assembly effective through April 23, 2015) ("a trustee has the power to … prosecute or defend actions, claims, or proceedings for the protection of … trust property"). We determined in *United I*, however, that because of a provision in the lease governing this particular property, the Trust lacks standing. Whether the Trust did or did not have standing, the Beneficiaries were the real party in interest, as they were entitled to the fruits of the action, viz., the unpaid rent.[2] *See Hammes v. Brumley*, 659 N.E.2d 1021.

[15] Both sides of this dispute seem to acknowledge that the Beneficiaries *could* have been substituted for the Trust as the real parties in interest in the lawsuit that was ultimately dismissed pursuant to our holding in *United I*. United contends that the failure to do that was a strategic decision on the part of the Trust and the Beneficiaries that was calculated "to avoid United's counterclaims against the beneficiaries individually." *Appellee's Brief* at 23. United further contends the Beneficiaries "participated in the prior litigation", *Appellee's Brief* at 17, and actively resisted joining in that lawsuit. Indeed, this court indicated in *United I* that there was "strenuous[]" resistance to the joinder of the Beneficiaries in that lawsuit. *Lake Cnty. Trust Co. v. United Consumers Club, Inc.*, 45A03-1111-PL-527, slip op. at 2. United claims that in choosing not to substitute the Beneficiaries as the real party in interest in the first lawsuit, the Trust and the Beneficiaries

---

[2] Indeed, were it not for the lease provision divesting the Trust of standing, the "real party in interest" requirement would not represent an impediment to the Trust prosecuting this action. *See* Trial Rule 17 (A)(1) (addressing the real party in interest) ("(the) trustee of an express trust … may sue in his own name without joining with him the party for whose benefit the action is brought, but stating his relationship and the capacity in which he sues").

were manipulating the process, and further that the present lawsuit represents a subversion of the Trial Rules, and specifically a "circumvention" of the Appellants' failure to comply with T.R. 17.

[16] United's T.R. 17 argument presumes that T.R. 17 *required* the Appellants to substitute the Beneficiaries for the Trust in *United I* after the Trust was determined to lack standing. We can find no authority for this proposition. T.R. 17(A) does provide that a real party in interest has "a reasonable time" after an objection has been lodged against the original party to ratify the action or be joined or substituted in the action. The rule further provides that when such does occur, the ratification, joinder, or substitution "shall have the same effect as if the action had been commenced initially in the name of the real party in interest." T.R. 17(A). We can find no language, however, that may be interpreted as mandating that ratification, substitution, or joinder of the real party in interest *must* occur after a court has determined that the party bringing the action lacks standing or is determined not to be the real party in interest.

[17] Still, we do not necessarily disagree with United's contention that "a real party in interest which manipulates the named plaintiff for strategic reasons does so at its own peril." *Appellee's Brief* at 22 (citing *Metal Forming Techs., Inc v. Marsh & McLennan Co.*, 224 F.R.D. 431 (S.D. Ind. 2004)). The question is whether that situation is present in this case. In addition to *Metal Forming Techs.*, United cites *Posley v. Clarian Health*, 2012 WL 3886328 (S.D. Ind. Sept. 6, 2012) in support of its contention that T.R. 17 should be construed so as to require joinder, ratification, or substitution of the real party in interest in the original action

where the original plaintiff has been determined not to be the real party in interest. In those two cases, the question was whether the case should be dismissed on the defendant's motion.

[18] In *Posley*, an individual filed a lawsuit against a health-care entity. Subsequent to that, the individual filed for Chapter 7 bankruptcy protection. The health-care provider filed a motion to dismiss the complaint on grounds that the bankruptcy trustee, not the individual, was the real party in interest. The individual argued that ratification was the proper course of action. The court ultimately agreed that ratification was appropriate after applying the "honest mistake test" to determine whether the real party in interest had engaged in a "sleight of hand" by filing the complaint in the name of a different party. *Posley v. Clarian Health*, 21012 WL 3886328, slip op. at 3. The "honest mistake test" requires a party wishing to substitute another party to establish that "when he brought this action in his own name, he did so as the result of an honest and understandable mistake." *Id*. at 2 (citing *Feist v. Consol. Freightways Corp.*, 100 F. Supp.2d 273, 276 (E.D. Pa. 1999), *aff'd*, 216 F.3d 1075 (3d Cir. 2000), *cert. denied*, 532 U.S. 920 (2001)). The *Posley* court determined that the original named plaintiff, at the time she filed the lawsuit in her own name, exercised her only legal choice at the time, and therefore permitted ratification.

[19] In *Metal Forming Techs., Inc. v. Marsh & McLennan Co.*, the plaintiffs leased a premises that was subsequently damaged by a fire. The landlord's primary insurer paid property damages to the landlord pursuant to an insurance policy. The primary insurer brought a subrogation action against the plaintiffs to

recover expenses it paid to the landlord as a result of the fire. Prior to the fire, the plaintiffs had purchased two separate liability insurance policies from two separate companies. One of those insurers denied coverage after the fire, and the other, Travelers Insurance, informed the plaintiffs that their coverage was limited to $100,000, one-tenth of what the plaintiffs believed they had purchased, and significantly less than the primary insurer's subrogation claim. The plaintiffs and the primary insurer reached a settlement agreement concerning the primary insurer's subrogation claims. In that agreement, the plaintiffs agreed to have judgment for $1,500,000 entered against them in favor of the primary insurer. The primary insurer would receive the $100,000 proceeds from the Travelers policy, and the primary insurer further agreed that it would not take any steps or pursue any action to collect or execute that judgment against the plaintiffs. The plaintiffs agreed to assign to the primary insurer all of its claims against Marsh & McLennan Company, through which the plaintiffs had purchased their two insurance policies. Finally, as part of the agreement, the plaintiffs agreed to permit the primary insurer to sue Marsh in the plaintiffs' names and to assist in the prosecution of the assigned claims against Marsh.

[20] The plaintiffs then sued Marsh alleging that Marsh had failed to procure adequate insurance coverage for them. Marsh filed a motion for summary judgment contending that the plaintiffs were not the real parties in interest because they had assigned their claims to the primary insurer. The court concluded that the plaintiffs were not the real parties in interest and that the

primary insurer filed this action "in disguise, using Plaintiffs' names while knowing that Plaintiffs no longer owned the claims that were brought." *Metal Forming Techs., Inc. v. Marsh & McLennan Co.*, 224 F.R.D. at 432. Moreover, the court concluded that the primary insurer's decision to sue in the plaintiffs' names "was a strategic and tactical decision in contravention of Rule 17(a)."[3] *Id.* at 437. Ultimately, the court denied a motion to substitute under Rule 17(a) because the plaintiffs and the primary insurer had failed to demonstrate that there was "an honest or understandable mistake or difficulty in naming the proper party." *Id.*

[21] The outcomes in *Posley* and *Metal Forming Techs., Inc.* both turned at least in part on the issue of whether the failure to identify the real party in interest in the complaint was motivated by tactical considerations, or instead was a product of honest mistake or difficulty in naming the proper party. Assuming for the sake of argument that those holdings apply in the present case, United has not presented a compelling argument that the action in *United I* was prosecuted in the name of the Trustee on behalf of the Trust rather than the Beneficiaries as a strategic or tactical matter, or was anything other than an honest or understandable mistake. Having said that, we note United's claim that the first lawsuit was brought in the name of the Trust in order to "avoid United's

---

[3] The court opined that the primary insurers' "decision to sue in Plaintiff's names was made "to make the Plaintiffs more sympathetic to a jury," and to "make this suit about a company ravaged by fire and not about an insurance company that paid for the fire's damage." *Metal Forming Techs., Inc v. Marsh & McLennan Co.*, 224 F.R.D. at 437.

counterclaims against the beneficiaries individually." *Appellee's Brief* at 23. United does not further illuminate the nature of these counterclaims or the manner in which they could have been avoided by substituting the Trust for the Beneficiaries as named plaintiff. We simply are not convinced that the Trust or the Beneficiaries would fail the "honest mistake test" discussed in *Posley* and *Metal Forming Techs., Inc.*

[22] In any event, neither *Posley* nor *Metal Forming Techs., Inc.* suggests that where a court has determined that the plaintiff was not a real party in interest, the real party in interest *must* be substituted in that action or suffer an adverse decision on the merits. Neither can we find any language in T.R. 17 that mandates such a result. Simply put, T.R. 17 indicates that substitution, ratification, or joinder are permissible, but gives no indication that they are mandatory steps that must be taken in the event it is determined that the party originally filing the action is not the real party in interest. We are reluctant to engraft such a requirement, especially in light of our Supreme Court's statement in *Lake Cnty. Council v. State Bd. of Tax Comm'rs*, 706 N.E.2d at 280 that a "decision that a party lacks standing pursuant to Trial Rule 12(B)(6) operates as an adjudication on the merits … as to the party seeking to invoke the court's jurisdiction." Dicta or not, it bespeaks the Supreme Court's view that dismissal of a plaintiff's action on grounds of lack of standing operates only against that party, and does not implicate the interests of an unnamed real party in interest, especially where the failure to name the real party in interest in the complaint was not motivated by procedural or tactical skullduggery.

In summary, the dismissal of *United I* on grounds that the Trust was not the real party in interest because of a provision in the lease governing United's tenancy constituted a judgment on the merits only against the Trust. It did not operate as a judgment on the merits against the real parties in interest, i.e., the Beneficiaries. Moreover, although T.R. 17 authorized substitution of the Beneficiaries when it was determined that they, not the Trust, were the real parties in interest, it did not mandate that action. Neither the authority nor the equitable arguments presented by United convince us otherwise. Because the Beneficiaries are real parties in interest in the dispute with United involving alleged unpaid rent, and because that dispute has not yet been resolved against them on the merits, the trial court erred in dismissing on res judicata grounds the Beneficiaries' action for recovery of unpaid rent.

Judgment reversed.

Kirsch, J., and Crone, J., concur.