**OPINION ON REHEARING**



FILED

Dec 28 2015, 8:14 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Michael L. Schultz
Parr Richey Obremskey Frandsen &
Patterson LLP
Indianapolis, Indiana

ATTORNEY FOR APPELLEE

Howard Howe
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Douglas L. Krasnoff, <br> *Appellant,* <br><br> v. <br><br> The Education Resources Institute, <br> *Appellee.* | December 28, 2015 <br><br> Court of Appeals Case No. 49A04-1501-CC-3 <br><br> Appeal from the Marion Superior Court No. 11 <br><br> The Honorable John F. Hanley, Judge <br><br> Trial Court Cause No. 49D11-0408-CC-1450 |

**Bailey, Judge.**

[1]     In a previous opinion, this Court affirmed the trial court's judgment in favor of The Education Resources Institute ("TERI") against Douglas Krasnoff ("Krasnoff"). *Krasnoff v. The Education Resources Institute*, No. 49A04-1501-CC-3 (Ind. Ct. App. Sept. 24, 2015). Krasnoff filed a petition for rehearing. We

grant his petition for the sole purpose of clarifying our prior opinion so as to address Krasnoff's concern on rehearing with respect to potential multiple inconsistent liabilities as a result of the judgment.

[2]    The trial court entered judgment in favor of TERI, whose status as a proper party to the action was recognized by this Court on the basis of ratification by TERI's post-bankruptcy successor-in-interest, the TERI Plan Trust ("the Trust"). *Krasnoff*, No. 49A95-1501-CC-3, slip op. at 11.  The Trust obtained the right to enforce the note against Krasnoff by virtue of its position as the last transferee in a series of assignments and transfers beginning with the loan's originator, Society National Bank.  *Id.* at 3.  The Trust in turn conveyed its interest in the note to TERI Loan Holdings, LLC ("TERI Loan Holdings"). Appellant's Br. at 2.

[3]    Krasnoff's petition for rehearing states:

> As it stands, judgment has been entered against Krasnoff in favor of TERI, an entity that no longer even exists.  Now, there is great risk to Krasnoff that, if he pays the judgment amount over to TERI, another entity—TERI Loan Holdings, LLC, the real party in interest here— will also seek to recover from Krasnoff on the very same obligation. What would stop them from doing so?  They have no connection with this case whatsoever; they have not appeared or been represented by counsel; they are not bound by the judgment and have no obligation to release Krasnoff from his alleged obligation if he pays the judgment here.  This is precisely the harm that Rule 17 is designed to avoid in the first place.

Pet. for Reh'g at 6.

[4]    The purpose of the standing and real party in interest requirements is "to prevent the filing of meritless and frivolous suits." *Reinking v. Metro. Bd. of Zoning Appeals of Marion Cnty.*, 671 N.E.2d 137, 140 (Ind. Ct. App. 1996).

[5]    Here, Krasnoff is concerned that TERI Loan Holdings will pursue a claim against him despite the entry of judgment in this case. We think his concern is misplaced. There is but one claim underlying the entirety of the litigation: Krasnoff's liability on the promissory note. Judgment was entered against Krasnoff with respect to his liability on the note in litigation where TERI was ratified as a litigant. As a result, any effort on the part of TERI Loan Holdings to pursue a claim on the note would be subject to dismissal as *res judicata*—that is, the doctrine of claim preclusion would operate to avoid the multiple inconsistent liability of which Krasnoff now complains.

[6]    Claim preclusion "applies where a final judgment on the merits has been rendered and acts as a complete bar to a subsequent action on the same issue or claim between those parties *and their privies*." *Afolabi v. Atlantic Mortg. & Invest. Corp.*, 849 N.E.2d 1170, 1173 (Ind. Ct. App. 2006) (emphasis added). For a claim to be precluded, four requirements must be satisfied: (1) the judgment must have been rendered by a court of competent jurisdiction; (2) the judgment must have been rendered on the merits; (3) the matter at issue was or could have been determined in the prior action; and (4) the controversy adjudicated in the former action must have been between the parties to the suit *or their privies*. *Id.* (emphasis added).

[7] Here, TERI Loan Holdings was a transferee of TERI's right to enforce the note on Krasnoff's loan. Judgment on the merits was entered upon the note as a result of Krasnoff's failure to pay the loan. Krasnoff is thus protected from subsequent litigation as to the question of his liability on the note to TERI Loan Holdings, the ultimate successor to TERI as holder of the note—that is, the last of TERI's privies. Judgment for TERI precludes TERI Loan Holdings from pursuing another claim for liability on the note against Krasnoff. Therefore, Krasnoff's concern with multiple judgments of liability for the same underlying obligation is misplaced.

[8] Krasnoff also contends in a footnote that "[i]t is not clear how or to whom payment could even be made." Pet'n at 6 n.2. The matter is far from vexing. We held in our prior opinion that the Trust ratified the action, and the Trust transferred its interest in the note to TERI Loan Holdings. Krasnoff would therefore make payment to TERI Loan Holdings or to its designee. This, too, would serve to resolve Krasnoff's concerns with TERI Loan Holdings seeking a second judgment on the note.

[9] Having clarified our prior opinion with respect to any subsequent liability Krasnoff may have had under the note, we reaffirm our decision in this case.

Baker, J., and Mathias, J. concur.